J-S32043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| GENE LORENZO DAVIS | : | |
| | : | |
| Appellant | : | |
| | : | No. 1549 MDA 2017 |

Appeal from the PCRA Order August 30, 2017
in the Court of Common Pleas of Luzerne County
Criminal Division at No.:  CP-40-CR-0002831-2009

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED JULY 12, 2018**

Appellant, Gene Lorenzo Davis, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  Counsel has filed a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We affirm and grant counsel's petition to withdraw.

We take the following facts and procedural background from our independent review of the certified record.  On October 6, 2010, Appellant entered an open guilty plea to third degree murder.  The charges related to Appellant's murder of the victim by slashing his throat.  On November 22, 2010, with the benefit of a presentence investigation report (PSI), the court sentenced Appellant to a term of incarceration of not less than fifteen nor

_____

* Retired Senior Judge assigned to the Superior Court.

more than forty years. This Court affirmed the judgment of sentence on February 10, 2012, and our Supreme Court denied further review on August 13, 2012. (**See Commonwealth v. Davis**, 46 A.3d 814 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 50 A.3d 124 (Pa. 2012)).

On January 15, 2016, Appellant filed a motion for permission to appeal discretionary aspects of sentence, which the trial court denied as an untimely post sentence motion on February 10, 2016. On December 13, 2016, a panel of this Court vacated the trial court's order and remanded the matter, directing the court to treat Appellant's request for relief as a first PCRA petition. The Court explained that, although the petition was titled as a request to appeal the discretionary aspects of his sentence, it actually raised PCRA claims of counsel's ineffectiveness and the alleged illegality of his sentence. (**See Commonwealth v. Davis**, No. 406 MDA 2016, unpublished memorandum, at *2-*3 (Pa. Super. filed Dec. 13, 2016)).

On March 30, 2017, the court appointed PCRA counsel, and provided him with thirty days to file an amended petition. On May 30, 2017, the Commonwealth filed a motion to dismiss the petition as untimely.

The court held a hearing on May 31, 2017, at which time Appellant declined the representation of his court-appointed counsel. After conducting a **Grazier**[1] hearing, the PCRA court granted Appellant's request to proceed

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

*pro se*, and rescheduled the hearing to August 10, 2017 to allow him time either to prepare or retain counsel. On August 10, 2017, Appellant arrived at the hearing *pro se*, representing that he had retained private counsel, who had failed to appear. The court adjourned the hearing to determine whether an attorney had indeed entered an appearance on behalf of Appellant. After discovering that, in fact, no attorney had entered an appearance on Appellant's behalf, the court noted that Appellant had made a knowing and voluntary waiver of his right to counsel on May 31, 2017. The court then continued the hearing until August 30, 2017, at which time it granted the Commonwealth's motion, and dismissed Appellant's *pro se* petition as untimely, with no exception pleaded or proven. Appellant timely appealed.[2]

At an October 24, 2017 **Grazier** hearing, the court determined that Appellant wished to be represented by counsel on appeal. On November 2, 2017, the court appointed appellate counsel and ordered him to file a statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). After receiving extensions, counsel filed a timely Rule 1925(b) statement on December 22, 2017. The court filed an opinion on February 6, 2018. **See**

_____

[2] Appellant's notice of appeal was entered on the docket on October 3, 2017, beyond the thirty-day deadline. **See** Pa.R.A.P. 903(a). However, the notice is dated September 15, 2017. Therefore, we will treat it as timely pursuant to the prisoner mailbox rule. **See Commonwealth v. Rodriguez**, 172 A.3d 1162, 1164 n.5 (Pa. Super. 2017).

Pa.R.A.P. 1925(a).  Counsel filed a petition to withdraw on March 26, 2018.

Appellant has not filed a response.

Before considering the issues counsel asserts Appellant wants to raise,

we first must consider whether counsel has complied with the requirements

that our courts have established in order for counsel to withdraw pursuant to

*Turner* and *Finley*.  We have explained this procedure as follows:

> *Turner*/*Finley* counsel must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> *    *    *
>
> . . . [W]here counsel submits a petition and no-merit letter that . . . satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case.  If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.  By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations

omitted).

Instantly, counsel's petition to withdraw and brief indicate that he

examined the record, case law, and all relevant statutes; and that, after

examining whether any claims were available to Appellant, he explained why he believes Appellant's PCRA was untimely with no exception pleaded or proven. (*See* Petition to Withdraw as Counsel, 3/26/18, at unnumbered page 1; *Turner*/*Finley* Brief, at 6-7). Counsel mailed copies of the *Turner*/*Finley* brief and petition to withdraw to Appellant, and advised him that he may proceed *pro se* or through privately retained counsel. (*See* Petition to Withdraw as Counsel, at unnumbered page 1; *id.* at enclosure). Therefore, we conclude counsel has substantially complied with the mandates of *Turner* and *Finley*; thus, we proceed with our own review of Appellant's claims.

On appeal, the *Turner*/*Finley* brief raises three questions for our review.

> I.  Whether trial counsel was ineffective in promising that [Appellant] would receive a specific minimum sentence[?]
>
> II.  Whether the Commonwealth breached the contract (*i.e.* plea agreement) with [Appellant] where he did not receive [a] [six] to [twelve] year term of imprisonment[?]
>
> III.  Whether the trial court violated [18 Pa.C.S.A. § 1102(d)] by issuing a mandatory minimum sentence[?]

(*Turner*/*Finley* Brief, at 1).[3]

> Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of

---

[3] Appellant did not raise his second issue in the PCRA court. (*See* Appellant's Petition, 1/15/16, at 1-6; N.T. PCRA Hearing, 8/30/17, at 2-10); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Therefore, it is not properly before us, and we will restrict our review to his first and third claims.

legal error. Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. **See Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978, 983 (2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

. . . [A] PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

**Commonwealth v. Whitehawk**, 146 A.3d 266, 269 (Pa. Super. 2016) (most case citations omitted).

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[I]t is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies."

**Whitehawk**, **supra** at 269-70 (citation omitted).

In this case, the PCRA court found that Appellant's PCRA petition was untimely and that he failed to plead and prove any exception to the PCRA time-bar. (*See* PCRA Court Opinion, 2/06/18, at 1, 7-8; N.T. PCRA Hearing, at 9). We agree.

Appellant's judgment of sentence became final on November 12, 2012,[4] at the expiration of the time for him to seek review of his judgment of sentence in the United State Supreme Court. *See* U.S. Sup. Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timing exception applied. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on January 15, 2016, is untimely on its face unless he pleads and proves one of the statutory exceptions to the time-bar.

However, Appellant failed to plead and prove any of the enumerated timeliness exceptions in his petition, at the PCRA hearing, or in his appellate brief. (*See* Petition, at 1-6; N.T. PCRA Hearing, 8/30/17, at 2-10; *Turner*/*Finley* Brief, at 6-7). It is well-settled that a claim of ineffectiveness of counsel does not satisfy any of the timeliness requirements of the PCRA. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) ("[C]laim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits.") (citations omitted). Additionally,

_____

[4] The ninetieth day was on a Sunday.

"although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013) (citation omitted).

Therefore, Appellant's allegations that his sentence is illegal and that plea counsel was ineffective do not raise exceptions to the PCRA time-bar. (***See*** Appellant's Petition, at 2, 5; N.T. PCRA Hearing, at 1-10). Accordingly, because Appellant has failed to plead and prove a timeliness exception, we agree with counsel that his appeal is wholly frivolous, and that the PCRA court properly found it lacked jurisdiction to consider the petition's merits. ***See Whitehawk***, ***supra*** at 269; ***Wrecks***, ***supra*** at 721.

Petition to withdraw granted. Order affirmed.

Judge Nichols joins the Memorandum.

Judge Panella concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/18