J-A25042-17

2017 PA Super 337

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAYSON RODRIGUEZ  A/K/A DANIEL FRANCISCO GUERRERO A/K/A JAVIER GUERRERO | : | No. 3119 EDA 2016 |
| | : | |
| Appellant | | |

Appeal from the Order September 2, 2016
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0001211-2015
CP-39-CR-0004903-2014

BEFORE:   OTT, STABILE, JJ., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED OCTOBER 23, 2017**

Appellant appeals, *pro se*,[1] from an order entered in the Court of

Common Pleas of Lehigh County dismissing his motion for return of property.[2]

_____

[1] Appellant is not entitled to counsel for this appeal. ***See Commonwealth v. All That Certain Lot or Parcel of Land Located at 605 Univ. Drive***, 628 Pa. 434, 104 A.3d 411, 426 (2014) ("[T]here is no constitutional right to the appointment of counsel in a forfeiture proceeding."); ***Boniella v. Commonwealth***, 958 A.2d 1069, 1072–73 (Pa.Cmwlth. 2008) (*per curiam* Opinion) (holding that a defendant seeking the return of property is not entitled to counsel).

[2] "We note that both this Court and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed pursuant to Pa.R.Crim.P. 588." ***Commonwealth v. Durham***, 9 A.3d 641, 642 (Pa.Super. 2010) (citations omitted).  Since Appellant chose this forum, we shall address his appeal.

_____

*   Former Justice specially assigned to the Superior Court.

After a careful review, we vacate the trial court's September 2, 2016, order and remand for further proceedings consistent with this decision.

The relevant facts and procedural history are as follows: The Commonwealth filed a criminal complaint and Information against Appellant in the lower court at docket number 4903-2014 averring that, while operating a vehicle on February 15, 2014, Appellant hit another vehicle and then fled the scene. Upon the police stopping Appellant's vehicle in connection with the hit and run, they suspected Appellant was operating his vehicle while under the influence of alcohol. Accordingly, the police transported Appellant for a blood draw and searched his vehicle, which needed to be towed, pursuant to an inventory search. During the search, the police discovered a handgun under the passenger seat.

Thereafter, at lower court docket number 4903-2014, Appellant was charged with firearms not to be carried without a license, possession of a firearm prohibited, false identification to law enforcement officers, driving while under the influence of alcohol, accident involving damage attended vehicle, and careless driving.[3]

Subsequently, the Allentown Police Department received information related to Appellant's drug activities and, following an investigation, the police

---

[3] 18 Pa.C.S.A. §§ 6106(a)(1), 6105(a)(1), and 4914(a); 75 Pa.C.S.A. §§ 3802(a)(1), 3743(a), and 3714(a), respectively.

executed a search warrant at Appellant's residence on February 13, 2015. Pursuant thereto, the police seized heroin and drug paraphernalia.

Thereafter, the Commonwealth filed a criminal complaint and Information against Appellant in the lower court at docket number 1211-2015 charging him with possession with the intent to deliver a controlled substance ("PWID"), possession of a controlled substance, and possession of drug paraphernalia.[4]

Appellant's cases were consolidated in the lower court, and on October 30, 2015, with respect to docket number 4903-2014, Appellant, who was represented by counsel, entered a guilty plea to the sole charge of firearms not to be carried without a license. Additionally, with respect to docket number 1211-2015, Appellant entered a guilty plea to the sole charge of PWID. In exchange for Appellant's guilty plea, the Commonwealth withdrew the remaining charges at both docket numbers.

---

[4] 35 §§ 780-113(a)(30), (16), and (32), respectively.

On December 7, 2015,[5] at both docket numbers, Appellant filed a *pro se* motion entitled "Return of Seized Property[.]"[6]  Therein, Appellant alleged that "[s]ubject to his arrest, [he] was subject to the illegal and impermissible forfeiture and seizure of his personal property[,] including...bank account proceeds."  Appellant's Motion, filed 12/14/15.

Without ruling on Appellant's *pro se* motion, the trial court held a sentencing hearing on December 9, 2015, at which Appellant was still represented by counsel.  For Appellant's firearm conviction at docket number 4903-2014, the trial court imposed a sentence of three years plus six months to seven years in prison, as well as directed Appellant to pay the costs of prosecution.  For Appellant's PWID conviction at docket number 1211-2015, the trial court imposed a sentence of five years to ten years in prison, to run concurrently with the sentence imposed at docket number 4903-2014.  Also, for docket number 1211-2015, the trial court directed Appellant to pay the costs of prosecution, including a $113.00 lab fee.

---

[5] Although Appellant's *pro se* motion was docketed on December 14, 2015, we shall deem it to have been filed when he handed it to prison officials on December 7, 2015.  **See Commonwealth v. Jones**, 549 Pa. 58, 700 A.2d 423, 426 (1997) (an appeal by a *pro se* prisoner is deemed filed on the date the prisoner "deposits the appeal with prison authority and/or places it in the prison mailbox").

[6] Since Appellant was represented by counsel at this time, the trial court should have forwarded a copy of the *pro se* motion to Appellant's counsel.  **See** Pa.R.Crim.P. 576(A)(4).

On December 15, 2015, Appellant filed a post-sentence motion seeking a reduction in his sentence, and the trial court denied this motion by order entered on January 12, 2016.[7] On February 3, 2016, the trial court entered a "civil judgment" against Appellant.[8]

On February 10, 2016,[9] with his original *pro se* motion for return of property still outstanding, Appellant filed a supplemental *pro se* motion seeking the return of his property.[10] Therein, Appellant clarified that, on

---

[7] Appellant has presented no claims on appeal related to his judgment of sentence.

[8] Although the certified docket entries contain a notation of "Entry of Civil Judgment" on February 3, 2016, there is no corresponding document in the certified record.

[9] Although Appellant's *pro se* motion was docketed on February 18, 2016, we shall deem it to have been filed when he handed it to prison officials on February 10, 2016. **See Jones**, **supra**.

[10] We note that "[p]ursuant to [Pa.R.Crim.P.] 588,...a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." **Commonwealth v. Allen**, 630 Pa. 577, 107 A.3d 709, 717 (2014) (citing 42 Pa.C.S.A. § 5505 (providing that a trial court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal has been taken)). Thus, in **Allen**, our Supreme Court held that a defendant may move for the return of property during the pendency of the criminal proceedings, or while the trial court retains jurisdiction for thirty days following its disposition of the criminal case. **See id.** Here, Appellant filed his initial motion for the return of property during the pendency of his criminal proceedings, and he filed his supplemental motion while the trial court retained jurisdiction, *i.e.*, within thirty days following the disposition of his post-sentence motions.
Additionally, we note that, as indicated *supra*, since Appellant was represented by counsel during this time, the trial court should have forwarded a copy of Appellant's *pro se* motion to his counsel. **See** Pa.R.Crim.P. 576(A)(4).

"February 17, 2015, a seizre [*sic*] was placed on [Appellant's] bank account with Well[s] Fargo for the amount of [$]6,534.83." Appellant's Motion, filed 2/18/16. Appellant argued that, since the money was not subject to forfeiture, and the Commonwealth otherwise had no basis to seize the money, the money ought to be returned to him.

In support of his claim, Appellant attached to his *pro se* motion a Wells Fargo statement of his bank account. The statement included an entry indicating that, on February 17, 2015, $6,534.83 was withdrawn by "Liens, Levies, and Garnishments Case #14781915." Appellant's Motion, filed 2/18/16, Exhibit A. Further, in an effort to demonstrate the source of the funds in his account, Appellant attached to his *pro se* motion correspondence from Travelers Insurance indicating that, from November 27, 2014, to February 10, 2015, Appellant was paid $3,500.00 in connection with a worker's compensation claim Appellant made against Kehe Distributors, Inc.

Without holding an evidentiary hearing, by order entered on September 2, 2016, the trial court dismissed Appellant's motion for return of property on the basis "it appear[s] that the Commonwealth has not seized any property in relation to the above-reference cases." *See* Trial Court's Order, filed 9/2/16, at 1. The trial court noted in its order that "[t]he District Attorney's Office has informed the Court that the money [Appellant] is looking to have returned was not seized by the Commonwealth." *Id.* at 1 n.1.

Appellant filed a timely *pro se* appeal from the trial court's September 2, 2016, order, and all Pa.R.A.P. 1925 requirements have been met. In its Rule 1925(a) opinion, the trial court relevantly indicated that "the District Attorney's Office has advised me that the Commonwealth did not seize any money from [Appellant's] bank account." Trial Court Opinion, filed 11/18/16, at 2.

On appeal, Appellant avers that his bank statement from Wells Fargo clearly proves that the Commonwealth seized $6,534.83 from his bank account, and since there was no basis for the Commonwealth to remove the funds from his account, the trial court abused its discretion in denying his motion for return of property. He further avers that the trial court erred in failing to hold an evidentiary hearing on his *pro se* motion for return of property.

Initially, we note that our standard of review is clear:

The standard of review applied in cases involving motions for the return of property is an abuse of discretion. In conducting our review, we bear in mind that it is the province of the trial court to judge the credibility of the witnesses and weigh the testimony offered. It is not the duty of an appellate court to act as fact-finder, but to determine whether there is sufficient evidence in the record to support the facts as found by the trial court.

***Durham***, 9 A.3d at 645 (citations omitted).

Pennsylvania Rule of Criminal Procedure 588 addresses motions for the return of property and relevantly provides as follows:

**Rule 588. Motion for Return of Property**

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>
> (B) The judge hearing such motion *shall receive evidence on any issue of fact necessary to the decision thereon*. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(A), (B) (bold in original) (italics added). Relevant to the case before us, if the Commonwealth is not in possession of the bank funds at issue, then Appellant would not be entitled to the relief under Rule 588. **See generally Commonwealth v. Gayle**, 145 A.3d 188, 191 (Pa.Super. 2016); **Commonwealth v. Matsinger**, 68 A.3d 390 (Pa.Cmwlth. 2013).[11]

In support of his motion, Appellant asserted that the Commonwealth seized his bank records from his home pursuant to a search warrant, and he attached to his *pro se* motion a copy of his bank account revealing that, on February 17, 2015, $6,534.83 was withdrawn by "Liens, Levies, and Garnishments Case #14781915." The Commonwealth never responded on the record to Appellant's claim that the Commonwealth seized these funds pursuant to a forfeiture proceeding or otherwise. The trial court never held an evidentiary hearing on the issue; but rather, the trial court, apparently having questions about Appellant's assertions, informally asked the

---

[11] While we are not bound by our sister court's decisions, we note that, in **Gayle**, **supra**, this Court followed the dictates of **Matsinger**, **supra**.

Commonwealth about the matter "off the record" and then determined the Commonwealth never had possession of the funds.[12]

The appellate courts have recognized the importance of an evidentiary hearing when considering a petition for the return of property. *See Matsinger*, *supra*. Here, based on the trial court's informal inquiry, the trial court dismissed the matter. As a result, Appellant never had the opportunity to respond to the Commonwealth's informal assertion, let alone present his case in an effort to meet his initial burden of proving entitlement to lawful possession of property seized by the Commonwealth. *See Matsinger*, *supra* (holding that where the Commonwealth makes unsubstantiated claims that it does not possess the property an evidentiary hearing must be held so that the Commonwealth may provide evidence necessary to the trial court's fact-finding duties); *Durham*, *supra* (explaining the burdens of proof under Pa.R.Crim.P. 588). Because the trial court failed to hold an evidentiary hearing and properly fulfill its fact-finding duties regarding the removal of funds from Appellant's Wells Fargo bank account, we vacate the trial court's September 2, 2016, order and remand the matter to the trial court to conduct an evidentiary hearing.

Order Vacated; Case Remanded; Jurisdiction Relinquished.

---

[12] The trial court made no determination as to who or what entity may have removed the money from Appellant's bank account or to what case "#14781915" referred. Moreover, while there is a docket entry indicating the "Entry of Civil Judgment" on February 3, 2016, there is no corresponding documentation in the record.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/23/2017</u>