J. S04044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ORONDE C. DANIELS, | : | No. 1324 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered July 25, 2017,
in the Court of Common Pleas of Lycoming County
Criminal Division at No. CP-41-CR-0001672-2011

BEFORE:  SHOGAN, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 12, 2018**

Oronde C. Daniels appeals **_pro se_** from the July 25, 2017 order denying his petition to return property filed pursuant to Pennsylvania Rule of Criminal Procedure 588[1] on the basis it was untimely filed.[2]  After careful review, we affirm.

---

[1] Rule 588 provides, in relevant part, as follows:

> (A)  A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

Pa.R.Crim.P. 588(A).  "[B]oth this Court and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property

The trial court summarized the relevant facts and procedural history of this case as follows:

> On October 2, [2012], [a]ppellant entered a guilty plea to the charges of person not to possess a firearm and possession with intent to deliver a controlled substance in exchange for a sentence of five to ten years' incarceration in a state correctional institution, and the [trial] court sentenced [a]ppellant in accordance with the plea agreement. Appellant did not file any post-sentence motion or a direct appeal. Therefore, [a]ppellant's judgment of sentence became final on or about November 1, 2012.
>
> On July 18, 2017, [a]ppellant filed a petition for return of property in which he sought the return of all the property (or, in the alternative, the monetary value thereof plus interest) that the Williamsport police seized from him on October 26, 2011, when the police searched his residence.
>
> On July 25, 2017, the [trial] court entered an order denying [a]ppellant's petition as untimely.

Trial court opinion, 11/16/17 at 1-2.[3]

---

filed pursuant to Pa.R.Crim.P. 588." ***Commonwealth v. Durham***, 9 A.3d 641, 642 n.1 (Pa.Super. 2010), ***appeal denied***, 19 A.3d 1050 (Pa. 2011).

[2] The Commonwealth has indicated that it will not be filing a brief in this matter and is relying on the reasoning set forth in the trial court's November 16, 2017 Rule 1925(a) opinion.

[3] The record reflects that upon stipulation of the parties, the trial court entered an order on August 14, 2017 directing that $300 seized from appellant be returned to him. (***See*** Stipulated Order, 8/14/17; certified record at no. 46.)

On August 22, 2017, appellant filed a timely notice of appeal. On October 16, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant timely complied, and the trial court filed a Rule 1925(a) opinion in support of its July 25, 2017 order on November 16, 2017.

Appellant raises only one issue for our review: "Did the [trial] court error [sic] and abuse it's [sic] discretion in denying appellant's motion for return of property?" (Appellant's brief at v (capitalization omitted)). The crux of appellant's contention is that he had no opportunity to file a formal petition to return property during the pendency of the criminal proceedings and that he "did nothing but follow the Commonwealth's lead." (*Id.* at 4-5, 7.)

Our standard of review of such matters is clear:

> The standard of review applied in cases involving motions for the return of property is an abuse of discretion. In conducting our review, we bear in mind that it is the province of the trial court to judge the credibility of the witnesses and weigh the testimony offered. It is not the duty of an appellate court to act as fact-finder, but to determine whether there is sufficient evidence in the record to support the facts as found by the trial court.

*Commonwealth v. Rodriguez*, 172 A.3d 1162, 1165 (Pa.Super. 2017) (citations omitted).

As recognized by the trial court, our supreme court addressed a similar situation in ***Commonwealth v. Allen***, 107 A.3d 709 (Pa. 2014). ***Allen*** involved an individual who, nearly eight years after criminal charges against him were dismissed, moved for the return of property seized from the vehicle he was driving at the time of his arrest. ***Allen***, 107 A.3d at 711. The ***Allen*** court held that the petitioner's failure to file a motion for the return of property during the pendency of the criminal proceedings against him or within 30 days following dismissal of the charges resulted in waiver of the issue, thereby precluding review of his stand-alone return petition. ***Id.*** at 717-718. In reaching this conclusion, the ***Allen*** court stated that, "Rule 588 does not require a trial as the triggering event for a return motion." ***Id.*** at 717. "Pursuant to Rule 588 . . . a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." ***Id.***

Here, the record reflects that appellant was sentenced on October 2, 2012, and did not file any post-sentence motions or a direct appeal to this court. As such, under ***Allen***, appellant had until November 1, 2012, to file a timely motion for the return of property. Appellant did not file the instant petition until July 18, 2017, more than four years past the deadline. Based on the foregoing, we discern no abuse of discretion on the part of the trial court in concluding that appellant's petition was untimely filed and that "[he]

waived any entitlement to the return of the property" in question.  (Trial court opinion, 11/16/17 at 3.)

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/12/2018