J-S82040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| v. | : | |
| | : | |
| | : | |
| HECTOR L. PIMENTEL-CABAN, | : | |
| | : | |
| Appellant | : | No. 3454 EDA 2017 |

Appeal from the PCRA Order September 20, 2017
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003407-2013

BEFORE: LAZARUS, J., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED MARCH 12, 2019**

Hector L. Pimentel-Caban (Appellant) appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

We provide the following background. On April 3, 2014, a jury convicted Appellant of attempted criminal homicide and aggravated assault in the shooting of Derrick Smith. Following the verdict, a presentence investigation (PSI) report revealed Appellant's lengthy criminal history, which included 27 years in prison for his part in a contract killing in the Virgin Islands and a conviction shortly after his release for weapons-related offenses. On May 27, 2014, Appellant was sentenced to 20 to 40 years of incarceration in the instant matter. Appellant filed post-sentence motions, which were denied. On July 10, 2015, this Court affirmed Appellant's

_____

* Retired Senior Judge assigned to the Superior Court.

judgment of sentence, and on February 29, 2016, our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Pimentel-Caban**, 125 A.3d 445 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 132 A.3d 457 (Pa. 2016).

On March 1, 2017, Appellant timely filed a *pro se* PCRA petition. Counsel was appointed, and on July 5, 2017, counsel submitted a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 11, 2017, the PCRA court issued notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response, and on September 20, 2017, the PCRA court dismissed Appellant's petition and permitted counsel to withdraw.

Appellant timely filed a *pro se* notice of appeal, and on October 24, 2017, the PCRA court ordered Appellant to file within 21 days a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. On November 16, 2017,[1] Appellant filed a motion requesting the PCRA court

---

[1] A motion requesting additional time to file a concise statement must be filed on or prior to the due date of the concise statement. In this case, the original due date for the concise statement was Tuesday, November 14, 2017. This motion was filed on Thursday, November 16, 2017. Pursuant to the prisoner mailbox rule, we conclude that this motion was timely flied, as it must have been handed to prison officials on or before November 14, 2017. **See Commonwealth v. Rodriguez**, 172 A.3d 1162 (Pa. Super. 2017) (holding that a document prepared by a *pro se* prisoner is deemed to be filed on the day it was handed to prison officials).

grant him additional time to file a concise statement to allow him to access the prison law library. On November 21, 2017, the PCRA court granted Appellant an additional 30 days; thus, Appellant's concise statement was then due on December 21, 2017.

On January 5, 2018, with no concise statement having been filed by Appellant, the PCRA court filed an opinion suggesting to this Court that Appellant's issues on appeal are waived due to Appellant's failure to file a concise statement. *See* PCRA Court Opinion, 1/5/2018, at 4. Appellant filed his concise statement on January 31, 2018.

On May 22, 2018, Appellant filed a motion with this Court to correct the record and accept his concise statement as timely filed. On June 12, 2018, this Court issued an order remanding the matter to the PCRA court to "make a determination as to whether Appellant timely filed his Rule 1925(b) statement." Order, 6/12/2018. The order further provided that "[i]n the event the trial court determines the Rule 1925(b) statement was timely filed, the trial court is directed to prepare a supplemental opinion pursuant to Pa.R.A.P. 1925(a) in response." *Id*. On June 25, 2018, the PCRA court sent a letter to this Court stating that Appellant "failed to file his 1925(b) statement in a timely manner." Letter, 6/25/2018. According to the PCRA court, Appellant "has produced no evidence to support the contention that he placed his [c]oncise [s]tatement in the prison mailbox prior to the deadline for a timely filing." *Id*. at 2.

- 3 -

Nonetheless, on September 10, 2018, this Court remanded the matter to the PCRA court to prepare a supplemental opinion on the merits. The PCRA court filed a supplemental opinion on October 2, 2018, which addressed the issues set forth in Appellant's concise statement.

Thus, before we reach the merits of this appeal, we must determine whether Appellant's concise statement was filed timely. Attached to his January 31, 2018 concise statement is a letter dated January 23, 2018, where Appellant claims he provided his concise statement to prison officials on December 18, 2017. According to Appellant, the concise statement was "returned to [him] on 12/29/17 for insufficient funds. [He] again attempted to mail [it] on 1/1/18 and again [it was] returned to [him] for the same reason." Letter, 1/31/2018. On May 22, 2018, Appellant filed with this Court cash slips from the prison which indicate he requested a mailing on December 18, 2017, and that mailing was approved on December 20, 2017.

Based on the foregoing, we conclude that Appellant has satisfied the tenets of the prisoner mailbox rule by supplying adequate proof that he placed his concise statement in the hands of prison officials prior to the December 21, 2017 due date. *See Smith v. Pennsylvania Bd. of Prob. & Parole*, 683 A.2d 278 (Pa. 1996) (holding that a cash slip may be sufficient evidence to determine that a document was handed to prison officials in a timely fashion). Accordingly, we proceed to address the merits of the appeal.

On appeal, Appellant sets forth a series of generalized complaints about trial counsel, including the fact that counsel did not present any witnesses at trial and had only Appellant testify. Appellant's Brief at 12. Appellant further claims that because defense counsel was a "public defender," he was "a government agent who could not compromise the government's case." *Id*. at 13 (unnecessary capitalization omitted). Thus, according to Appellant, he was deprived of due process. *Id*. at 11.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. To overcome that presumption, the petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. If the petitioner fails to prove any of these prongs, the claim is subject to dismissal.

*Commonwealth v. Durrett King*, 195 A.3d 255, 259 (Pa. Super. 2018) (internal citations and quotation marks omitted).

Instantly, the PCRA court concluded that to the extent these issues were preserved in his PCRA petition, Appellant is not entitled to relief. The record is clear that at trial Appellant had issues with trial counsel, which he brought to the trial court's attention. The following exchange occurred prior to the start of the jury trial.

- 5 -

The Court: Other issues?

[Trial counsel:] I have issues.

The Court: Yes, [trial counsel]?

[Trial Counsel:] I have issues. [Appellant] wanted to ask to have me removed from his case. [Appellant], please state your name for the record.

[Appellant:] My name is Hector Pimentel. Your Honor, if it pleases the Court, I'd like to address the Court.

The Court: You may. Please remain seated.

[Appellant:] I believe that the beautiful [trial counsel] has an ethical conflict in this matter. And I don't think that –

The Court: What is the ethical conflict?

[Appellant:] Maybe she can explain that better to you than I can.

The Court: Well, I mean, you have to state the basis for the ethical conflict, [Appellant].

[Appellant:] The ethical conflict is that at one point at the beginning of the interview with her I stated to her that –

[Trial Counsel:] Well, let's not go there.

[Appellant:] I stated to her –

[Trial Counsel:] Just for the record, I am -- I don't think it's wise for him to be going through some of this.

The Court: Okay. You've been advised by your attorney that what you are about to say may be detrimental to you. But you are free to speak to me if you care to.

[Appellant:] Yes, Your Honor. Seeing [trial counsel's] concern, then I would just have to move for a mistrial.

The Court: On what basis?

[Appellant:] On the basis that she has an ethical issue, which for some reason she doesn't want me to expose.

The Court: [Trial counsel,] is there an ethical issue?

[Trial Counsel:] There's a potential ethical issue. Yes, there is.

The Court: I can't decide things in a vacuum.

[Trial Counsel:] I understand that. I think –

The Court: It would be probably easier for you to say it, [Trial Counsel,] because if [Appellant] says it if there's something that he says, I don't know whether the District Attorney would try to utilize that against [Appellant.] Obviously, if you make the statement, it can't be used against him. I guess conceivably what you say may lead the District Attorney to an additional investigative lead.

[Trial Counsel:] Well, Your Honor, as far as any ethical issues, I would have to ask to have a discussion with you in chambers *ex parte*, not on the record.

N.T., 4/1/2014, at 12-14.

With the consent of the Commonwealth, trial counsel and the trial judge then met privately in chambers for five to ten minutes and then returned to the courtroom. Upon their return, trial counsel had the opportunity to meet with Appellant.

[Trial Counsel:] After consultation with [Appellant], it appears as though the issue resolved itself.

The Court: Are you making any motions?

[Trial Counsel:] At this point, I am not making any motions.

The Court: [Appellant,] are you asking [Trial Counsel] to withdraw from your case?

> [Appellant:] After consulting with her and she having explained everything to me, Your Honor, I'm satisfied that she can continue … to represent me.

*Id*. at 17.

The jury trial then proceeded that day without further mention of a potential ethical issue until a discussion was had that afternoon regarding Appellant's decision to testify. The following on-the-record exchange took place between trial counsel and Appellant outside the presence of the jury.

> [Trial Counsel:] Okay. Now, at the beginning of this trial before we began jury selection we were discussing whether or not you will be testifying, did we not?
>
> [Appellant:] Yes.
>
> [Trial Counsel:] At that time you decided that you did not want to testify.
>
> [Appellant:] Yes.
>
> [Trial Counsel:] And now you have decided that now that we are at the close of the Commonwealth's case you would like to testify tomorrow; is that fair to say?
>
> [Appellant:] That is correct.
>
> [Trial Counsel:] Your Honor, I believe that we, you and I, had an in-chambers discussion earlier before jury selection. And, actually, at this moment I would move to withdraw from my client's case.
>
> [The Court:] All right. The motion is denied.
>
> [Trial Counsel:] Then, Your Honor, I would ask to be given permission to allow my client to engage in a narrative.

*Id*. at 253-54.

The trial court, recognizing the tension between Appellant's constitutional right to testify[2] and trial counsel's ethical obligations,[3] permitted Appellant to testify in narrative form. Appellant testified accordingly the following morning. **See** N.T., 4/3/2014, at 11-19. In a prior case, our Supreme Court approved of the course of action taken in this case and concluded that counsel could not be ineffective in this regard. **See Commonwealth v. Jermyn**, 620 A.2d 1128 (Pa. 1993) (holding trial counsel was not ineffective for having Jermyn testify in narrative form where counsel reasonably believed Jermyn was lying).

Based on the foregoing, we agree with the PCRA court that Appellant's complaints about an "inherent conflict of interest" with respect to trial counsel are without merit. Appellant's Brief at 11; PCRA Court Opinion,

---

[2] **See e.g.**, **Commonwealth v. Baldwin**, 8 A.3d 901, 902–03 (Pa. Super. 2010) ("The right of an accused to testify on his [or her] own behalf is a fundamental tenet of American jurisprudence and is explicitly guaranteed by Article I, Section 9 of the Pennsylvania Constitution.").

[3] **See** Pa.R.P.C. 3.3(a)(3) ("A lawyer shall not knowingly … offer evidence that the lawyer knows to be false…. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false."). The Comment to that rule provides that where counsel must seek permission by the court to withdraw, and is not permitted to do so, trial counsel is required "to present the accused as a witness or to give a narrative statement if the accused so desires, even if counsel knows that the testimony or statement will be false." Pa.R.P.C. 3.3 (Comment 7).

10/2/2018, at 6-7. Accordingly, the PCRA court did not err in concluding that trial counsel was not ineffective.

Appellant further asserts in an underdeveloped fashion that he was "compelled" to testify due to trial counsel's failure to present an adequate defense. Appellant's Brief at 12. However, Appellant does not explain what witnesses should have been called or what evidence should have been presented. It is also worth pointing out that during his testimony, Appellant admitted to shooting Derrick Smith. N.T., 4/3/2014, at 17-18. Then, Appellant acknowledged he had "shown [his] guilt" and requested a mistrial. *Id*. at 19. The trial court denied that request.

Thus, the record is clear that any issues that occurred at trial were of Appellant's own making.[4] Therefore, we conclude trial counsel was not effective in her representation of Appellant, and the PCRA court did not err by denying Appellant relief.

Order affirmed.

_____

[4] Also without merit is Appellant's claim that because trial counsel was a public defender, she was "a [g]overnment agent who could not compromise the [g]overnment's case." Appellant's Brief at 13. As discussed *supra*, it is evident that trial counsel did everything possible to advance Appellant's interests despite Appellant failing to heed that advice. Moreover, the PCRA expressly excludes defense counsel from the definition of government officials. ***See*** 42 Pa.C.S. § 9545(b)(4).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/19