J-S03038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: MARK GREEN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: MARK GREEN | : | |
| | : | |
| | : | No. 784 EDA 2022 |

Appeal from the Order Entered December 15, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-MD-0002372-2021

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED MARCH 10, 2023**

Mark Green ("Green") appeals *pro se* from the order denying his petition for the return of property.[1]  We vacate and remand for further proceedings consistent with this memorandum.

The parties and the trial court are familiar with the factual background of this appeal, and we briefly summarize the procedural history relevant to this appeal.  Green received notice from the Pennsylvania State Police in Philadelphia that on May 13, 2020, troopers seized a 2017 Dodge Ram pickup truck ("the subject truck") for further investigation.  In 2021, the Commonwealth charged Green in Chester County with offenses related to identity theft, the fraudulent purchases of a vehicle, and using stolen parts on

---

[1] The Superior Court or the Commonwealth Court may consider appeals involving a motion for the return of property filed under Pa.R.Crim.P. 588. **See Commonwealth v. Durham**, 9 A.3d 641, 642 n.1 (Pa. Super. 2010); **see also In re One 1988 Toyota Corolla**, 675 A.2d 1290, 1296 (Pa. Cmwlth. 1996).

the subject truck ("the Chester County case"). **See** Trial Court Opinion, 6/14/22, at 2-3 & n.3 (citing the Chester County case at CP-15-CR-0003111-2021); **see also** Exhibit to Green's Motion for Return of Property, Preliminary Hearing Transcript, at 16-18.

In August 2021, Green filed a *pro se* motion for return of the subject truck in the Court of Common Pleas of Philadelphia. It is unclear whether the Commonwealth filed an answer to the motion. The trial court held a hearing at which the Commonwealth, represented by the Office of Attorney General, argued that Chester County was the proper venue for the motion due to the pending Chester County case. **See** N.T., 12/15/21, at 3-4. Green asserted that the Chester County case only involved the fraudulent purchase of a vehicle and that the subject truck was not related to that case. **See id**. at 7. Referring to a copy of a preliminary hearing transcript that he attached to his motion, Green argued there was no evidence that any stolen parts were on the subject truck. **See id**. The Commonwealth briefly responded that the hood of the subject truck came from a stolen vehicle. **See id**. at 8-9. At the conclusion of the hearing, the trial court denied Green's motion on December 15, 2021, due to improper venue and did not make further findings of fact.[2] **See id**. at 10-11. Green timely filed a notice of appeal. The trial court ordered

---

[2] The certified record does not contain a written order denying the motion; however, the appeal inventory docket confirms that the trial court entered an order determining that venue did not lie in Philadelphia because the charged crimes originated in Chester County, and denied the motion with prejudice.

a Pa.R.A.P. 1925(b) statement, which Green filed.[3]  The trial court prepared a

responsive Rule 1925(a) opinion.

Green, in his *pro se* brief, presents the following issues for our review:

A. Whether the trial [c]ourt erred in [sic] denied the [m]otion on the ground that it didn't have jurisdiction.

B. Whether the trial court erred when it failed to allow [Green] to speak without being cutoff [sic][.]

C. Whether the trial court erred when it failed to allow [Green] to present his evidence.

Green's Brief at 5 (unnumbered).

This Court reviews the trial court's ruling on a motion for the return of

property for an abuse of discretion.  **See Commonwealth v. Rodriguez**, 172

A.3d 1162, 1165 (Pa. Super. 2017).  It is the province of the trial court to

judge the credibility of the witnesses and weigh the testimony offered.  **See**

**id**.  This Court will not act as a finder of fact, and our role is to determine

whether there is sufficient evidence in the record to support the facts as found

by the trial court.  **See id**.  Our review of questions of law, however, is *de*

*novo* and plenary.  **See Commonwealth v. Allen**, 107 A.3d 709, 714 (Pa.

2014).

---

[3] On April 1, 2022, the trial court ordered Green to file a Rule 1925(b) statement by April 22, 2022.  **See** Order, 4/1/22 (requiring that Green file his Rule 1925(b) statement within twenty-one days of the court's order). Green's statement, which the trial court received on April 25, 2022, therefore was facially untimely.  However, neither the appeal inventory docket nor the public docket in this case contain the notation of service required by Pa.R.Crim.P. 114.  Because we are unable to confirm the service date of the Rule 1925 order, we will not find Green's Rule 1925(b) statement untimely. **See Commonwealth v. Chester**, 163 A.3d 470, 472 (Pa. Super. 2017).

Pennsylvania Rule of Criminal Procedure 588 states, in relevant part:

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. **Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized**.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(A)-(B) (emphasis added).

A person seeking the return of property must initially establish, by a preponderance of the evidence, an entitlement to lawful possession of the property. *See Commonwealth v. Mosley*, 702 A.2d 857, 859 (Pa. 1997). If the person establishes such a right, the Commonwealth bears the burden of proving, by a preponderance of the evidence, that the defendant does not have a right to lawful possession of the property or that the property should not be returned because it is contraband *per se* or derivative contraband. *See Commonwealth v. Durham*, 9 A.3d 641, 645 (Pa. Super. 2010); *see also Commonwealth v. Trainer*, 287 A.3d 960, 964 (Pa. Cmwlth. 2022). To establish that property is derivative contraband, the Commonwealth must show a specific nexus between the property and criminal activity. *See Commonwealth v. Howard*, 713 A.2d 89, 92 (Pa. 1998).

Green's arguments are muddled and lack any citation to legal authority, and we could find his claims waived on this basis. However, it is apparent to

- 4 -

this Court that Green argues that the trial court erred in holding that he improperly filed his motion in Philadelphia because of the pending charges against him in Chester County.[4]  We are constrained to agree with Green on this point.  Rule 588 requires that a motion for the return of property be filed in the judicial district in which the property was seized.  **See** Pa.R.Crim.P. 588(A).  There is no dispute here that the State Police troopers seized the subject truck in Philadelphia.  **See** Motion for Return of Property, 8/18/21; N.T., 12/15/21, at 9; Commonwealth's Brief at 3.  Therefore, the trial court erred in holding that venue did not lie in Philadelphia.  The record further demonstrates that the trial court expressly declined to make any findings of fact at the hearing due to its erroneous ruling on venue.  **See** N.T., 12/15/21, at 10-11.  Therefore, we are constrained to remand this matter for further findings of fact and conclusions of law consistent with the shifting burdens set forth in **Mosley** and **Durham**.[5]  The trial court may hold further evidentiary hearings as it deems necessary.

---

[4] **See** Green's Brief at 8 (unnumbered) (stating that his argument "begins with the trial court's conclusion that it didn't have jurisdiction and that . . . Chester County is the proper forum").

[5] Our Supreme Court's decision, **In re Lackawanna County**, 212 A.3d 1 (Pa. 2019), which addressed the authority of a judge supervising a multi-county grand jury to address a county's Rule 588 motion, does not alter our conclusion.  That decision addressed unique concerns presented by the overlay of Rule 588 motions and investigations by grand juries, and our Supreme Court fashioned a procedure that an aggrieved party first "file the motion in the court of common pleas for the judicial district in which the property was seized, **as Pa.R.Crim.P. 588(A) demands**, and for the
*(Footnote Continued Next Page)*

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2023

_____

Commonwealth to then move to have the matter as filed on that docket presented to the supervising judge" of the grand jury. ***In re Lackawanna County***, 212 A.3d at 17 (emphasis added). Nothing in that decision suggests that the plain language of Rule 588 does not control the question of venue or authorizes the denial of a motion for the return of property based on improper venue.