J-S21010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS DEAN WELSH | : | |
| | : | |
| Appellant | : | No. 1329 MDA 2022 |

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of Columbia County Criminal Division at
No(s): CP-19-CR-0000829-2007

BEFORE:   BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                                **FILED AUGUST 31, 2023**

Douglas Dean Welsh appeals *pro se* from the order that denied his motion for return of property.[1]  We affirm in part and vacate in part.

In 2007, Appellant was arrested following the execution of a search warrant at his home, which resulted in the seizure of a host of evidence. Following extensive pretrial litigation, Appellant was convicted of conspiracy to commit rape of a child and other sexual offenses and was sentenced on February 22, 2011, to life imprisonment as a third-strike offender.  Appellant did not file a motion for return of the seized property in the trial court prior to filing his direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] No right to counsel attaches to a motion for return of property.  **See Commonwealth v. Rodriguez**, 172 A.3d 1162, 1163 n.1 (Pa.Super. 2017).

This Court affirmed Appellant's judgment of sentence and our Supreme Court declined discretionary review. *See Commonwealth v. Welsh*, 60 A.3d 562 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 76 A.3d 540 (Pa. 2013). In 2015, during the pendency of a petition pursuant to the Post Conviction Relief Act ("PCRA"), Appellant filed his first motion pursuant to Pa.R.Crim.P. 588 for return of property seized pursuant to the search warrant.[2] The Commonwealth opposed the motion. The docket does not reflect that the trial court ruled upon the Rule 588 motion before it disposed of Appellant's PCRA petition. Appellant did not raise an issue about the return of his property in his appeal to this Court. *See Commonwealth v. Welsh*, 224 A.3d 789 (Pa.Super. 2019) (non-precedential decision) (affirming the

_____

[2] Rule 588 provides as follows:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

> (C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Pa.R.Crim.P. 588.

rejection of Appellant's PCRA claims except as to the unconstitutionality of his *ex post facto* sexual offender registration and status).

Appellant filed the Rule 588 motion that is the subject of the instant appeal in March 2022. The Commonwealth filed a response indicating that it agreed to return some items, but not others, stating as to those: "Commonwealth will request a destruction order."[3] Response, 6/1/22, at ¶8. Appellant filed an amended motion listing additional items.[4] Ultimately, the trial court entered the following order:

> And now, to wit, on this 10th day of August, 2022, the court having received argument by [Appellant] and counsel relative to a motion for return of property, the court further having been advised that there is a pending *habeas* motion in the federal court requesting a new trial, the court deems it inappropriate to return items which were subject of seizure in the princip[al] case until the *habeas* matter is resolved and a determination as to whether a new trial would be granted has been determined[.] [T]he court's denial of the return of property is without prejudice t[o] refiling once the *habeas* court has made its decision.

---

[3] We observe that, in order to obtain authorization to destroy the seized property, the Commonwealth will be required to proceed in accordance with the statutory asset forfeiture provisions. **See** 42 Pa.C.S. §§ 5801-5808. **See also Commonwealth v. Irland**, 193 A.3d 370, 372 (Pa. 2018) (discussing the Commonwealth's motion for destruction of property in the context of asset forfeiture proceedings).

[4] The trial court described the items Appellant requested to be "predominantly pornographic magazines, VHS tapes, photographs, and DVDs." Trial Court Opinion, 12/27/22, at unnumbered 2. Appellant disputes this characterization, asserting that the computer disks, video recordings, photographs, computers, and other equipment he seeks are "not pornography related" and that "over 90% of all items of pornography was already returned to Appellant years ago." Appellant's brief at 6, 12-13. Given our disposition, we need not ascertain the nature of the items at issue.

Order, 8/10/22 (cleaned up).

The docket reflects that the order was served not on *pro se* Appellant, but upon his PCRA counsel. On September 16, 2022, the clerk of courts docketed an application to appeal *nunc pro tunc* dated by Appellant on September 10, 2022. The clerk forwarded it to this Court and we assigned it the above-captioned docket number. This Court then issued a rule to show cause why the appeal should not be quashed as untimely. Appellant filed a response indicating that, pursuant to the prisoner mailbox rule, he had filed the appeal on September 10, 2022. **See** Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing[.]"). This Court discharged the rule and advised Appellant that the issue may be revisited by the merits panel assigned to his appeal.

Appellant presents the following questions for our review: (1) "Whether Appellant timely filed the instant appeal with this Court?" and (2) "Whether the lower court abused it's [*sic*] discretion and/or committed legal error denying Appellant the return of his property?" Appellant's brief at 2 (cleaned up).

We begin by examining the timeliness of this appeal for, as a general rule, we are without jurisdiction to consider the merits of an untimely appeal. **See**, **e.g.**, **Commonwealth v. Powell**, 290 A.3d 751, 756 n.8 (Pa.Super.

2023). However, "when there is a docketing failure or lack of notice, this Court will excuse an untimely appeal." ***Id***.

Appellant asserts that his notice of appeal was timely filed on September 10, 2022, because that was the thirtieth day from the entry of the August 10, 2022 order. ***See*** Appellant's brief at 8. The Commonwealth, however, aptly observes that the thirtieth day was Friday, September 9, 2022. ***See*** Commonwealth's brief at 3. It asserts that, accepting as true Appellant's indication that the appeal was delivered for mailing on September 10, this appeal was therefore untimely nonetheless. ***Id***. What the Commonwealth overlooks is the failure in notice evinced by the docket entry reflecting service on Appellant's PCRA counsel and not on Appellant himself. As Appellant was *pro se* at that point, the thirty-day window for the appeal never began to run, and this appeal will not be quashed for untimeliness. ***See***, ***e.g.***, ***Commonwealth v. Midgley***, 289 A.3d 1111, 1117 (Pa.Super. 2023) (deeming patently late appeal timely where the docket reflected service of the appealed-from order upon the appellant's prior counsel but not on the then-*pro-se* appellant).

Having confirmed our jurisdiction, we turn to Appellant's second issue, to which the following principles apply. This Court reviews an order disposing of a motion for return of property for an abuse of discretion. ***See***, ***e.g.***, ***Commonwealth v. Rodriguez***, 172 A.3d 1162, 1165 (Pa.Super. 2017). "An abuse of discretion is not merely an error of judgment, but is rather the

overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will, or partiality, as shown by the evidence or the record." *Commonwealth v. Bullock*, 170 A.3d 1109, 1117 (Pa.Super. 2017) (cleaned up). Moreover, "[a]s an appellate court, we may affirm on any legal basis supported by the certified record." *Commonwealth v. Ani*, 293 A.3d 704, 729 (Pa.Super. 2023) (cleaned up).

The Commonwealth and the trial court maintain that Appellant's petition was premature given the pendency of the federal *habeas* action and its request for a new trial. *See* Commonwealth's brief at 5; Trial Court Opinion, 12/27/22, at unnumbered 2. Appellant asserts that this determination is unsupported because, with the Commonwealth indicating in its response to Appellant's motion that all listed items could be returned to him or destroyed, the Commonwealth plainly has no further need of them. *See* Appellant's brief at 11-12. We disagree with both positions.

Our Supreme Court has held that where, as here, "the party filing the return motion was also a party to the underlying criminal proceeding," then his "failure to file a return motion during the pendency of the criminal charges against him or within thirty days following dismissal of the charges results in waiver, precluding review of his stand-alone return petition." *Commonwealth v. Allen*, 107 A.3d 709, 718 (Pa. 2014). However, the untimeliness of such a stand-alone petition does not preclude review if the

Commonwealth responds with a forfeiture petition as to the property in question. *See Commonwealth v. Irland*, 193 A.3d 370, 377 n.9 (Pa. 2018); *Commonwealth v. Rivas-Rivera*, 236 A.3d 1099 (Pa. Super. 2020) (non-precedential decision at 6) (explaining that *Irland* established "that the Commonwealth's filing of [a] forfeiture petition made the waiver holding of *Allen* inapplicable").

Here, Appellant could have filed his Rule 588 motion at any point after the seizure of his property before the trial court lost jurisdiction over the case upon his filing a direct appeal from his judgment of sentence. He did not. Further, as outlined above, in its response to Appellant's motion the Commonwealth did not seek forfeiture, but merely expressed an intention to do so at some point in the future.

Consequently, pursuant to *Allen*, the trial court lacked jurisdiction to entertain Appellant's untimely stand-alone Rule 588 motion. *See Commonwealth v. Caviness*, 243 A.3d 735, 737 (Pa.Super. 2020) (applying *Allen* to hold that the trial court lacked jurisdiction to entertain petition for return of property filed five months after the thirty-day window for defendant to appeal his judgment of sentence expired). *See also Rivas-Rivera*, *supra* (non-precedential decision at 6) (holding stand-alone petition for return of property filed four years after guilty plea was untimely and thus resulted in waiver of his request); *Commonwealth v. LaBrake*, 134 A.3d 166, 170 (Pa.Cmwlth. 2016) (affirming denial of stand-alone petition for return of

property filed nine years after the trial court was divested of jurisdiction over his judgment of sentence).

In conclusion, while we deem Appellant's appeal to have been timely filed, his underlying Rule 588 motion was not. Therefore, the trial court did not err in denying it, and we affirm its August 10, 2022 order to the extent that it did so. The trial court's error was in considering Appellant's motion after the Commonwealth filed a response that did not include a present forfeiture request, rather than denying or dismissing it *in toto*. Consequently, we vacate the order to the extent that that it permits Appellant to re-file a Rule 588 motion after the *habeas* proceeding is resolved. The trial court will not have the authority to entertain a motion for return of property filed by Appellant unless and until the Commonwealth files for forfeiture of the items in question.[5]

Order affirmed in part and vacated in part. Jurisdiction relinquished.

Judge Pellegrini joins this Memorandum.

Judge Nichols concurs in the result.

---

[5] Of course, our ruling does not prohibit the Commonwealth from voluntarily returning the items that it has indicated it no longer wishes to retain.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>08/31/2023</u>