J-S18014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF<br>:             PENNSYLVANIA |
| v. | : |
| JESHON LAJUAN BASKERVILLE | : |
| Appellant | : No. 1211 MDA 2025 |

Appeal from the Order Entered August 7, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0001868-2023

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                  **FILED: MAY 19, 2026**

Appellant, Jeshon Lajuan Baskerville, appeals *pro se* from the August 7, 2025 order denying his petition for return of property. After careful review, we affirm.

The relevant facts and procedural history are as follows. Following a May 2023 traffic stop, the Commonwealth charged Appellant with one count each of Firearms Not to be Carried Without a License, Unlawful Possession of a Small Amount of Marijuana, and Unlawful Possession of Drug Paraphernalia. The trial court permitted Appellant to proceed *pro se* and appointed Bradon Toomey, Esquire, to serve as standby counsel.

On January 5, 2024, Appellant *pro se* filed a motion to suppress evidence. The suppression court held a hearing, after which, on May 1, 2024, it granted the motion to suppress. On June 5, 2024, the Commonwealth filed a request for entry of *nolle pros* of all charges against Appellant acknowledging

that it lacked sufficient evidence to sustain its burden of proof at trial. On June 6, 2024, the trial court entered an order permitting the Commonwealth to *nolle pros* the charges.

More than nine months later, on March 17, 2025, Appellant *pro se* filed a petition for return of property, seeking the return of the firearm seized in the traffic stop. In the petition, Appellant stated that he had made numerous unsuccessful efforts to recover the firearm. The Commonwealth filed a response objecting to the return of the firearm, asserting that Appellant had failed to establish in the petition that he was entitled to lawful possession of the firearm or had any ownership interest in it.

The trial court held a hearing on the petition after which it determined that the Appellant filed it untimely.[1] The court, thus, denied the petition for return of property.

This timely *pro se* appeal followed.

Appellant raises the following issues on appeal:

1. Whether the trial court erred in denying the return of Appellant's property that was previously suppressed as the fruit of an unconstitutional seizure?

---

[1] Nevertheless, the court addressed the merits of the petition and found that Appellant was not entitled to the return of the firearm because "the Commonwealth met its burden that the firearm was contraband on the date that [Appellant] was pulled over in his car, in which he had the firearm present and did not have a valid license to carry at that time[.]" Trial Ct. Op., 8/7/25, at 2.

2. Whether the trial court erred by applying procedural "timeliness" restrictions to deny the return of property obtained through a Fourth Amendment violation?

3. Whether the trial court's ruling contradicts its prior suppression decision, constituting judicial inconsistency and abuse of discretion?

4. Whether Appellant is entitled to restitution and damages due to the prolonged and unlawful deprivation of his property?

5. Whether the trial court's reference to alleged lack of ownership is relevant to the subject matter?

Appellant's Br. at 4 (unnecessary emphasis omitted).

"The standard of review applied in cases involving motions for the return of property is an abuse of discretion." ***Commonwealth v. Rodriguez***, 172 A.3d 1162, 1165 (Pa. Super. 2017) (citation omitted). However, as to questions of law, our standard of review is *de novo*. ***Commonwealth v. Bradley***, 834 A.2d 1127, 1131 n.2 (Pa. 2003).

In his first two issues, Appellant contends that the trial court erred in denying his petition for return of property because it had earlier ruled that the property in question was the fruit of an unconstitutional search and seizure. Appellant's Br. at 6. Relying on ***Marbury v. Madison***, 5 U.S. 137 (1803), he asserts that, because his firearm was the "fruit of the poisonous tree," and "[n]o procedural rule can override constitutional protections," the Commonwealth cannot retain the firearm, regardless of the untimeliness of the petition for its return. ***Id.*** at 6-7.

Appellant's right to petition for the return of his seized property is governed by Pa.R.Crim.P. 588, which provides that:

A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof.

Pa.R.Crim.P. 588(A).

Our Supreme Court addressed the timeliness of a motion for return of property under Rule 588 in **Commonwealth v. Allen**, 107 A.3d 709 (Pa. 2014). There, the Commonwealth withdrew charges in 2002, and the defendant filed a return motion under Rule 588 in 2010. **Allen**, 107 A.3d at 711-12. The Court concluded that the motion was untimely, and the claim under Rule 588 waived, because the defendant had not filed the motion while the trial court retained jurisdiction, *i.e.*, "up to thirty days after disposition." **Id.** at 717.

Here, Appellant does not dispute that he filed his petition more than thirty days after the Commonwealth *nolle prossed* the charges against him. Moreover, Appellant has not cited to any authority in support of his claim that a trial court may grant a petition for the return of a firearm illegally seized by police outside of the thirty-day period after disposition of the charges against the defendant. Accordingly, the trial court properly denied Appellant's petition for return of property as untimely.[2, 3]

---

[2] In light of our disposition, we need not address Appellant's remaining issues on appeal.

[3] The Commonwealth has filed with this Court an application to quash this appeal because Appellant did not request a transcript from the hearing on the petition for return of property as required by Pa.R.A.P. 1931(a) and 1911(a). However, because we could decide the dispositive issues on appeal without reviewing the transcript, we decline to quash this appeal.

- 4 -

Order affirmed.  Application to quash appeal denied as moot.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 05/19/2026