J-S27016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD E. TOKARCIK, JR. | : | |
| | : | |
| Appellant | : | No. 993 WDA 2020 |

Appeal from the Order Entered July 31, 2020
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000132-2017

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: OCTOBER 12, 2021**

Appellant, Richard E. Tokarcik, Jr., appeals *pro se* from the order denying his motion for return of property.  We vacate the trial court's order and remand for an evidentiary hearing.

Because we write for the parties, we need not state the entire factual and procedural background of this matter.  Relevant to this appeal, on or about January 6, 2017, an officer of Brookville Borough Police Department, pretending to be a fifteen-year-old girl named "Sam" and a sixteen-year-old girl named "Jaime", began sending text messages to an individual going by the name "Adam".  "Adam" sent "Sam" and "Jaime" several sexually explicit text messages and arranged to meet with "them" in order to have sex.  In the early morning hours of January 8, 2017, Brookville Borough Police officers

---

[*] Retired Senior Judge assigned to the Superior Court.

arrested Appellant near the location at which "Adam" agreed to meet with "Sam" and "Jaime". Incident to that arrest, police seized three cell phones from Appellant.

On March 10, 2017, while represented by counsel, Appellant filed a *pro se* motion for return of property, seeking the return of two of the three cell phones that the police seized.[1] The trial court held a hearing on the motion on March 27, 2017, during which Appellant's counsel asked for the return of the two phones. The Commonwealth represented that it had just received the phones back from the crime lab and had not yet reviewed the crime lab's report. Therefore, on March 27, 2017, the trial court continued the return-of-property request until either party asked for it to be rescheduled.

On October 19, 2017, a jury found Appellant guilty of the underlying charges in this case: criminal attempt – statutory sexual assault, unlawful contact with a minor (relating to sexual abuse of children), criminal solicitation – child pornography, criminal attempt – corruption of minors, corruption of minors, and criminal use of a communication facility.[2]

On November 21, 2017, Appellant, while still represented by counsel, filed a *pro se* motion requesting that the court schedule a new hearing on his

---

[1] "Our cases have consistently stated that no defendant has a constitutional right to hybrid representation, either at trial or on appeal." ***Commonwealth v. Staton***, 184 A.3d 949, 957 (Pa. 2018) (citation omitted and formatting altered). Nevertheless, Appellant's trial counsel adopted the *pro se* motion for return of property by litigating it at the March 27, 2017 hearing.

[2] 18 Pa.C.S. §§ 901(a), 6318(a)(5), 902(a), 901(a), 6301(a)(1)(i), and 7512(a), respectively.

motion for return of property and seeking additional discovery, along with the transcript of the March 27, 2017 hearing. The trial court denied this motion on November 29, 2017. Subsequently, on January 15, 2018, Appellant filed a *pro se* "motion for rescheduling of the matter [sic]", again asking that the trial court schedule a new hearing on his March 10, 2017 motion for return of property and again requesting additional discovery. The trial court denied this motion on January 16, 2018, stating it had previously denied Appellant's request. However, the trial court did not rule on Appellant's March 10, 2017 motion for return of property prior to imposing sentence.

On February 7, 2018, the trial court sentenced Appellant to an aggregate term of 10 to 20 years of incarceration. The trial court did not rule on Appellant's March 10, 2017 motion after sentencing Appellant. Appellant then filed a direct appeal challenging the denial of his motion to suppress. This Court affirmed, and our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Tokarcik***, 741 WDA 2018, 2019 WL 5595843 (Pa. Super. filed Oct. 30, 2019) (unpublished mem.), *appeal denied*, 233 A.3d 678 (Pa. 2020).

While Appellant's appeal was pending, he filed another *pro se* motion for return of property on July 30, 2018. The trial court deferred consideration of this motion until after the disposition of Appellant's direct appeal. Following the remittal of the record to the trial court, Appellant filed a *pro se* motion requesting the trial court entertain his July 30, 2018 motion for return of property now that his direct appeal rights had been exhausted. The trial court

subsequently denied Appellant's motions for return of property by an order dated July 30, 2021, and entered on July 31, 2021.[3] Appellant's *pro se* notice of appeal was docketed on September 2, 2021. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Initially, we must resolve whether we have jurisdiction over the instant appeal.[4] "It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*. Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) (citations and quotation marks omitted). Generally, an appellant invokes this Court's jurisdiction by filing a notice of appeal within thirty days of the entry of the order being appealed. ***See*** Pa.R.A.P. 903(a).

The Pennsylvania Supreme Court has stated that a *pro se* prisoner's notice of appeal will be deemed filed when it is placed in a prison mailbox or deposited with prison authorities. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (discussing the "prisoner mailbox" rule). The *pro se* prisoner,

_____

[3] The trial court's order refers to a singular motion for return of property. ***See*** Order, 7/31/20. However, as stated *supra*, Appellant's March 10, 2017 motion for return of property was still outstanding at the time Appellant filed his second motion on July 30, 2018.

[4] We also note that "both this Court and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed pursuant to Pa.R.Crim.P. 588." ***Commonwealth v. Durham***, 9 A.3d 641, 642 n.1 (Pa. Super. 2010) (citations omitted). Because Appellant chose this forum, we will address this appeal.

however, "bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period." *Id.*

*Jones* instructs that courts should be "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." *Id.* Examples of such evidence include postmarks on the envelope used to mail the notice of appeal or postal forms that indicate the date of mailing. *Id.* The prisoner may also produce a cash slip "noting both the deduction from his account for the mailing to the prothonotary and the date of the mailing," or an "affidavit attesting to the date of deposit." *Id.* Evidence regarding the mail policies of a court or prison may also establish the last possible date that an appeal was delivered to prison officials. *Id.*

However, this Court has accepted a defendant's facially untimely filing without supporting documentation where it was docketed only three days after the applicable deadline, noting that "[g]iven the inherent delays associated with mail delivery," it was most likely "deposited for mailing" prior to the filing deadline. *Commonwealth v. Betts*, 240 A.3d 616, 619 n.5 (Pa. Super. 2020) (holding that defendant's *pro se* reply to PCRA court's notice of intent to dismiss was timely filed); *see also Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa. Super. 2007) (noting "the record is bereft of the envelope in which the notice of appeal was mailed" but concluding that because the trial court received the notice of appeal on a Monday, it was likely the defendant mailed his notice of appeal on or before the appeal deadline, which fell on the preceding Friday).

As stated above, the trial court entered the order denying Appellant's motion for return of property on July 31, 2020, and Appellant had thirty days in which to file a timely appeal. *See* Pa.R.A.P. 903(a). The thirtieth day was Sunday, August 30, 2020. Therefore, Appellant had until Monday, August 31, 2020, to file a timely appeal. *See* 1 Pa.C.S. § 1908 (providing that when the last day of a statutory period falls on a Saturday, Sunday, or legal holiday, that day is omitted from the computation). The record indicates that Appellant filed a *pro se* notice of appeal that was time stamped and docketed on Wednesday, September 2, 2020, which would be two days late. The record reveals that Appellant filed a motion to proceed *in forma pauperis* on appeal dated August 16, 2020, that was docketed on August 24, 2020. The trial court granted this motion on August 27, 2020. Appellant also filed a motion for extension of time to file a notice of appeal dated August 20, 2020, which was docketed on August 26, 2020. The trial court denied the motion for extension of time on August 28, 2020. Additionally, Appellant sent an undated letter[5] to the Jefferson County clerk of courts that was filed on September 2, 2020, explaining that he was aware that a notice of appeal had to be filed in thirty days, but he did not yet know how the trial court ruled on his motions to proceed *in forma pauperis* and for an extension of time. Appellant requested that if his motion to proceed *in forma pauperis* had been granted, that the

---

[5] For unknown reasons, this letter was docketed as a "motion to *proceed nunc pro tunc* and for *in forma pauperis*".

clerk accept his notice of appeal (which Appellant described as a "motion"). *See* Appellant's undated *pro se* correspondence. The record also indicates that Appellant's *pro se* notice of appeal is dated August 30, 2020, and Appellant wrote on his notice of appeal "[Appellant] invokes the mailbox rule for incarcerated persons."[6] Notice of Appeal, 9/2/20. There is no additional documentation in the certified record indicating when Appellant submitted this mailing to prison officials. However, given the "inherent delays associated with mail delivery" and the totality of the circumstances, we conclude that Appellant's notice of appeal must have been deposited for mailing no later than August 31, 2020, and therefore it is timely filed. *See Betts*, 240 A.3d at 619 n.5; *Patterson*, 931 A.2d at 714.

> Appellant raises the following issue for our review:
>
> Did the [t]rial [c]ourt abuse [its] discretion and/or commit legal error, by denying the [motion for] return of property, when [its] findings of fact used in the opinion in the denial order are not supported by competent evidence from the record, and there is no nex[u]s between the crime and the property for which [Appellant] is seeking retu[r]n?

Appellant's Brief at 2.

Appellant argues that the trial court's order denying his motion for return of property is not supported by the record and that the trial court failed to hold an evidentiary hearing. *Id.* at 7, 11. Appellant asserts that of the three cell phones the police seized, the evidence presented at the suppression

---

[6] We note that Appellant also avers in his brief that he placed his notice of appeal in the prison mailbox on August 30, 2020. Appellant's Brief at 7.

hearing indicated that only one was used to communicate with "Sam" and "Jaime". *Id.* at 8-9. Appellant contends the two cell phones he requested be returned are his personal cell phones and the record does not show a nexus between criminal activity and those two cell phones. *Id.* at 9. Further, Appellant notes that at the March 27, 2017 hearing, the Commonwealth represented that these phones were not contraband. *Id.* at 10. Additionally, Appellant argues that his original motion for return of property was timely filed on March 10, 2017, while the trial court retained jurisdiction. *Id.* at 6.

The Commonwealth did not file a brief.

Before we address the merits of Appellant's issue, we must first determine if Appellant has properly preserved this issue. "Courts in this Commonwealth have long recognized that a motion for the return of property is timely if it is filed during the pendency of the criminal proceedings, or while the trial court retains jurisdiction for thirty days following its disposition of the criminal case." *Commonwealth v. Caviness*, 243 A.3d 735, 739 (Pa. Super. 2020) (quoting *Commonwealth v. Rodriguez*, 172 A.3d 1162, 1164 n.10 (Pa. Super. 2017)) (quotation marks omitted).

The *Caviness* Court concluded that because the defendant filed the motion for return of property nearly five months after the trial court lost jurisdiction, he waived his right to seek the return of property under Pa.R.Crim.P. 588. *Id.* Where a defendant files a motion for return of property during the pendency of his criminal proceedings, the trial court has jurisdiction to rule on the motion, even after the thirty-day appeal period has expired.

*See, e.g.*, *Rodriguez*, 172 A.3d at 1164-65, 1164 n.10 (holding jurisdiction exists because the defendant's motion for return of property was filed prior to sentencing, and the trial court ruled on the motion about six months after defendant's sentence became final).

Here, Appellant filed his initial motion on March 10, 2017, before his jury trial. Although Appellant filed his July 30, 2018 motion more than three months after the appeal period expired, his timely filed March 10, 2017 motion remained pending before the trial court, and therefore, he has not waived his right to seek the return of property under Rule 588. *See id.*

The *Rodriguez* Court has explained:

> The standard of review applied in cases involving motions for the return of property is an abuse of discretion. In conducting our review, we bear in mind that it is the province of the trial court to judge the credibility of the witnesses and weigh the testimony offered. It is not the duty of an appellate court to act as fact-finder, but to determine whether there is sufficient evidence in the record to support the facts as found by the trial court.

*Id.* at 1165 (citation omitted).

Pennsylvania Rule of Criminal Procedure 588 permits a defendant to request the return of property seized by the government, and provides, in relevant part:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

> (B) The judge hearing such motion **shall receive evidence on any issue of fact necessary to the decision thereon**. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(A)-(B) (emphasis added).

This court has explained that under Rule 588, "[t]he movant bears the initial burden of coming forth with evidence of lawful entitlement to possession of the property. If the movant meets this initial burden, the Commonwealth bears the burden of proving by a preponderance of the evidence that the items in question are contraband." *Commonwealth v. Janda*, 14 A.3d 147, 166-67 (Pa. Super. 2011) (citations omitted).

The courts of this Commonwealth have held that Rule 588 requires that the trial court conduct an evidentiary hearing before ruling on a motion for return of property. *See, e.g.*, *Rodriguez*, 172 A.3d at 1166 (stating "the appellate courts have recognized the importance of an evidentiary hearing when considering a petition for the return of property" and remanding for an evidentiary hearing (citation omitted)); *Commonwealth v. Howard*, 931 A.2d 129, 132 (Pa. Cmwlth. 2007) (holding that "both the language of Rule 588 and the caselaw interpreting it mandate that resolution of disputed facts await presentation of evidence at a hearing")[7]; *Commonwealth v. Crosby*, 568 A.2d 233, 241 (Pa. Super. 1990) (vacating order denying motion for

---

[7] "Although the decisions of the Commonwealth Court are not binding on this Court, we may look to them for their persuasive value." *Commonwealth v. Heredia*, 97 A.3d 392, 395 n.4 (Pa. Super. 2014) (citation omitted).

return of property and remanding for an evidentiary hearing), *abrogated on other grounds by* **Commonwealth v. Irland**, 193 A.3d 370 (Pa. 2018). During the evidentiary hearing, the trial court may incorporate the record from the defendant's trial. *See, e.g.*, *Janda*, 14 A.3d at 167 n.12.

The trial court's Rule 1925(a) opinion states, in its entirety:

The [trial c]ourt was not relying on common law authority to deny [Appellant's] motion. As provided in 18 Pa.C.S.[] § 3141, forfeiture was a potential consequence[8] of his decision to arrange a sexual liaison between himself and the girls with whom he believed he was communicating, and with access to the omnibus and trial transcripts in which Officer Andrew Turnbull established a clear connection between the cell phones and unlawful contact, the [trial c]ourt deemed it unnecessary to convene an additional hearing for that purpose. At a return of property/forfeiture hearing, the Commonwealth needs only prove by a preponderance of the evidence that the property was derivative contraband in order to defeat a defendant's claim for possession, and here it already did, first at the omnibus hearing, where the Court credited Officer Turnbull's testimony, and then at trial, where the jury did likewise.

Should the reviewing panel disagree that the existing record obviates the need for another hearing, the [trial c]ourt submits that the remedy, rather than ordering the property be returned [Appellant], should be to remand the matter so that it may give the Commonwealth an opportunity to respond to his motion and conduct a hearing if necessary.

Trial Ct. Op., 10/7/21, at 1.

As stated *supra*, the trial court did not hold an evidentiary hearing, and instead denied Appellant's motion for return of property based on the

---

[8] No forfeiture order relating to the three cell phones seized from Appellant at the time of his arrest appears in the certified record for this case.

testimony presented at the suppression hearing and at trial. ***See id.*** A trial court may incorporate the record from the trial into the record for the evidentiary hearing. ***See Janda***, 14 A.3d at 167 n.12. However, the courts of this Commonwealth have not recognized that a trial court may rely on the record from trial as a substitute for an evidentiary hearing on a motion for return of property, and it is well established that Rule 588 requires such a hearing. ***See, e.g.***, Pa.R.Crim.P. 588(B); ***Rodriguez***, 172 A.3d at 1166; ***Howard***, 931 A.2d at 132; ***Crosby***, 568 A.2d at 241.

For these reasons, we must conclude the trial court abused its discretion in relying solely on the record from the suppression hearing and Appellant's trial to deny Appellant's motion for return of property without a hearing.[9] ***See Rodriguez***, 172 A.3d at 1165. Accordingly, we vacate the trial court's July 31, 2020 order and remand this matter to the trial court to conduct an evidentiary hearing.

---

[9] We note that in its 1925(a) opinion, the trial court stated Appellant's phones were subject to forfeiture under 18 Pa.C.S. § 3141. ***See*** Trial Ct. Op. at 1. Section 3141 provides that a defendant convicted of certain offenses under Chapter 31 of the Crimes Code "may be required to forfeit property rights in any property or assets used to implement or facilitate commission of the crime or crimes of which the person has been convicted." 18 Pa.C.S. § 3141. Section 3141 further states that "the forfeiture shall be conducted in accordance with" 42 Pa.C.S. §§ 5803, 5805, 5806, 5807, 5807.1, 5808. ***Id.*** However, the instant motion for return of property is governed by Pa.R.Crim.P. 588, not 42 Pa.C.S. Ch. 58 (relating to asset forfeiture). ***Compare*** Pa.R.Crim.P. 588 (permitting "[a] person aggrieved by a search and seizure . . . [to] move for the return of the property on the ground that he or she is entitled to lawful possession thereof"), ***with*** 42 Pa.C.S. § 5805(a) (authorizing the Commonwealth to file a petition seeking to have certain property forfeited to the Commonwealth).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/2021