J-S49041-16

2016 PA Super 174

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WAYNE SILVRIA GAYLE, | |
| Appellant | No. 2848 EDA 2015 |

Appeal from the Order August 12, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-0000074-2015
CP-48-CR-0000075-2015

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED AUGUST 10, 2016**

Wayne Silvria Gayle ("Appellant") appeals from the order of the Court of Common Pleas of Northampton County, in which the trial court denied his Petition for Return of Property, *to wit*, seven screenplays and one novel he claims to have authored while he was previously incarcerated.  According to Appellant, police confiscated the papers from his residential safe during execution of a search warrant as part of a narcotics investigation of his home address.  Upon careful review of the record, we affirm.[1]

---

[1] "Both this Court and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed pursuant to Pa.R.Crim.P. 588." **Commonwealth v. Durham**, 9 A.3d 641, 642 (Pa.Super. 2010) (citing **Commonwealth v. Younge**, 667 A.2d 739 (Pa.Super. 1995)); **In Re One 1988 Toyota Corolla**, 675 A.2d 1290 (Pa.Cmwlth. 1996).

*Former Justice specially assigned to the Superior Court.

The trial court presided over the June 30, 2015, evidentiary hearing on Appellant's petition. The Commonwealth presented evidence that on May 2, 2014, the narcotics unit of the Easton Police Department culminated its investigation of Appellant's suspected illicit drug trafficking at his mother's residence with the execution of a search warrant. As part of his duties as case officer in charge of the investigation, Officer Brian Burd collected evidence from the search and placed it in a plastic bin he carried throughout the home. N.T. 6/30/15 at 83, 85-86. Burd denied observing anything resembling manuscripts during his search of the home and the safe in question. N.T. at 88, 89. Inspector Salvatore Crisafulli, supervisor of the narcotics unit, observed Burd in this regard and noticed no paper items in the bin other than three pieces of mail. N.T. at 74-76, 81. In response to Appellant's petition, Crisafulli searched the evidence room at the Easton Police Department and found no manuscripts or other writings among the items seized during the search. N.T. at 78-79.

Appellant claimed that his bedroom safe stored seven screenplay manuscripts and one novel manuscript, each approximately 120 pages long, that he had authored in prison and mailed to his brother, Albert, for safekeeping. N.T. at 38, 40.[2] Albert testified at the hearing that he had

_____

[2] Appellant testified that writing was his passion and that he had since written two more screenplays during his current term of incarceration. N.T. at 39. As proof of his aspirations of joining the entertainment industry, Appellant produced a transcript of a hearing held by the Easton Planning
*(Footnote Continued Next Page)*

placed the manuscripts in Appellant's safe at various times prior to Appellant's February of 2013 release from prison, pursuant to Appellant's instructions. N.T. at 8-10. He did not view the contents of the safe again until after the May 2, 2015 search, at which time he observed an empty safe. N.T. at 12,13.

Appellant's other brother, Baltimore, lived at the address but denied ever looking into Appellant's bedroom safe. N.T. at 17. Baltimore was present on the morning of the search, and, according to his testimony, he asked officers where they were going with a plastic bin full of Appellant's papers. N.T. at 20, 22, 27. Appellant's mother, Louise Gayle, was the principal resident of the address and had lived there for over twenty years, but she was not home on the morning of the search. N.T. at 29. She arrived at the home to find several officers standing on her porch holding a plastic bin filled with a "pile of papers," she testified. N.T. at 30. Once inside, she observed that the safe in Appellant's bedroom had been forcibly opened, but she could not say what, if anything, had been removed because she had never before looked inside the safe. N.T. at 31, 35.

By order of August 12, 2015, the trial court denied Appellant's petition as moot given the lack of evidence that the Commonwealth possesses, or ever possessed, the manuscripts in question. On September 11, 2015,

_(Footnote Continued)_ ———————————

Commission in which Appellant presented plans to use a building as a recording studio. N.T. at 43.

Appellant filed a timely notice of appeal. He raises one question for our review:

> Even a minimum showing will satisfy a petitioner's initial burden of proof in a motion for return of property.[] Did the trial court err in dismissing this petition as moot where the Appellant presented evidence that (a) he stored manuscripts in a safe at 1139 Butler Street (b) the police emptied the safe while executing a search warrant and (c) the police departed with a bin containing numerous documents?

Appellant's brief at 5 (footnote omitted).

We initially recognize that an appellate court's review of a trial court's decision on petition for return of property is limited to examining whether findings of fact made by the trial court are supported by competent evidence and whether the trial court abused its discretion or committed error of law. *Commonwealth v. Wintel, Inc.*, 829 A.2d 753 (Pa.Cmwlth. 2003).

Regarding the manuscripts, we agree with the Commonwealth that Appellant's claim is moot. *See Commonwealth v. Matsinger*, 68 A .3d 390 (Pa.Cmwlth. 2013) (holding where the Commonwealth is not in possession of property in question, petition for return of property is moot). Here, questions pertaining to whether manuscripts were located in the bedroom safe and whether investigators confiscated the manuscripts were matters of credibility, which the trial court resolved in the Commonwealth's favor. Pivotal to the court's decision was the absence of the manuscripts from the search inventory list of items seized from the residence, Inspector Crisafulli's testimony that his thorough search of the Easton Police

- 4 -

Department's property room pursuant to Appellant's petition yielded no manuscripts, and the admissions of Baltimore and Louise Gayle that they neither knew what Appellant stored in his safe prior to the search nor identified paperwork in Officer Burd's bin as the alleged manuscripts in question. We, therefore, conclude that competent evidence supports the lower court's decision, and in this respect we adopt the court's Order of August 12, 2015, which comprises the findings of fact and conclusions of law central to the court's determination.

Order is AFFIRMED.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2016

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY,
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,          :
                        Plaintiff           :       No.    74-2015
                                            :              75-2015
       v.                                   :
                                            :
WAYNE SILVERIA GAYLE,                       :
                        Defendant           :

## ORDER OF COURT

**AND NOW**, this 12 day of August, 2015, after a hearing held on June 30, 2015, and briefs

filed by the Commonwealth on June 20, 2015 and July 14, 2015, and by the Defendant on July

10, 2015,[1] the Defendant's Petition for Return of Property is **DENIED** as moot.

## FINDINGS OF FACT

1.     On or about May 2, 2014, Officer Brian Burd of the Easton Police Department

       obtained a search warrant and conducted a search of 1139 Butler Street, Easton,

       Pennsylvania. See Commonwealth Exhibit 1.

2.     The police were investigating Defendant for drug trafficking and had conducted

       controlled buys from Defendant, who was observed exiting the residence at 1139

       Butler Street.

3.     The residence at 1139 Butler Street is owned by Louise Gayle, Defendant's

       mother.

---

[1]This matter was held open for Defendant to supplement the record with filings and transcripts from the City of Easton relating to zoning applications made for Defendant's music business. These additional materials have not been provided to the Court.

4. Defendant's brother, Albert Gayle, testified that while Defendant was previously incarcerated he would send writings home for Albert Gayle to place in a safe in a bedroom at 1139 Butler Street.

5. Albert Gayle did not reside at 1139 Butler Street and was not present when the search warrant was executed on May 2, 2014.

6. Defendant's brother, Baltimore Gayle, resided at 1139 Butler Street and was present when the search warrant was executed on May 2, 2014.

7. Baltimore Gayle testified that Defendant kept personal belongings in a safe in a bedroom at 1139 Butler Street.

8. Baltimore Gayle testified that he did not know the contents of Defendant's safe.

9. Baltimore Gayle testified that following the execution of the search warrant, the police left the residence with a plastic container containing papers.

10. Baltimore Gayle was provided with a copy of the search warrant and an inventory receipt. See Commonwealth Exhibits 1, 2.

11. Louise Gayle returned to the residence as the police were leaving, following the execution of the search warrant.

12. Louise Gayle observed the police leaving the residence with a plastic container with papers inside of it.

13. Louise Gayle testified that the safe in Defendant's bedroom was open following the search.

14. Louise Gayle did not know the contents of the safe prior to the search.

15. Inspector Salvatore Crisafulli, as supervisor of the narcotics unit, participated in

2

the execution of the search warrant on May 2, 2014.

16. Inspector Crisafulli seized three pieces of mail addressed to Defendant found in an upstairs bedroom at 1139 Butler Street. See Commonwealth's Exhibit 2.

17. Inspector Crisafulli turned the seized mail over to Officer Burd and did not seize any other property or paperwork from the residence.

18. Inspector Crisafulli searched the police department property room and did not find any other items that had been seized from 1139 Butler Street beside the items listed on the inventory sheet (Commonwealth Exhibit 2).

19. Officer Burd brought a plastic bin when executing the search warrant, containing copies of the search warrant, baggies, gloves, and other miscellaneous items for police use.

20. Officer Burd searched the second and third floor bedrooms during the execution of the search warrant at 1139 Butler Street.

21. Three safes in the residence were searched, but nothing of evidentiary value was found and nothing was seized from the safes.

22. $201.00 in cash was also seized from the premises.

23. Officer Burd completed the search inventory and provided a copy to Baltimore Gayle. See Commonwealth Exhibit 2.

24. Defendant testified that while he was in state prison, he sent seven screenplays and one novel to his brother, Albert Gayle, to place into a safe at 1139 Butler Street.

25. Defendant had been out of prison for approximately one year prior to the police

3

search of the 1139 Butler Street residence.

26. Defendant testified that he was starting an entertainment company and had rented a building for a recording booth for his film and music business.

27. Defendant testified that the combined total for his seven screenplays, including scene cards, and his novel was approximately 1000 pages.

28. Defendant testified that his writings were in his safe prior to the execution of the search warrant on May 2, 2014.

29. Defendant did not return to the residence following the search and fled the jurisdiction.

30. Defendant was arrested in December 2014 and ultimately pled guilty and was sentenced to controlled substance offenses on April 17, 2015.

31. The Commonwealth filed a Petition for Forfeiture of the $201.00 seized from 1139 Butler Street on December 22, 2014 at term number Misc. 2038-2014.

32. Defendant responded, denying ownership of the money and requesting the return of his "personal items." Louise Gayle also filed an answer the Petition, claiming the money as hers.

33. A hearing on the Petition for Forfeiture was held on April 7, 2015. The Commonwealth reached an agreement for the return of the money to Louise Gayle.

34. Defendant filed a Petition for Return of Property on May 29, 2015, seeking the return of his eight writings allegedly seized by the police.

35. The Commonwealth filed an Answer to the Petition on June 16, 2015.

4

# CONCLUSIONS OF LAW

1.     A person aggrieved by a search and seizure may move for the return of property to which he is entitled lawful possession.  See Pa.R.Crim.P. 588.  Unlike forfeiture actions, proceedings for the return of property arise under the Rules of Criminal Procedure.  Specifically, Rule 588 provides:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof.  Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon.  If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property forfeited.

Pa.R.Crim.P. 588.

2.     The claimant must first establish that he is an "aggrieved person" of a search and seizure entitled to the lawful possession of the property.  In re One 1988 Toyota Corolla (Blue Two-Door Sedan) Pa License TPV291, 675 A.2d 1290, 1295 (Pa. Cmwlth. 1996).  The burden then shifts to the Commonwealth to establish that the property is contraband or derivative contraband.  Id.

3.     However, a motion for return of property must be dismissed as moot if the Commonwealth does not possess the property at the time of the hearing.  Commonwealth v. Matsinger, 68 A.3d 390, 396 (Pa. Cmwlth. 2013) (citing Commonwealth v. One 1978 Lincoln Mark V., 415 A.2d 1000 (Pa. Cmwlth. 1980).

4.     Here, the Commonwealth asserts that it is not in possession of Defendant's screenplays or novel.  These items were not identified on the search inventory sheet as having

5

been seized from the residence at 1139 Butler Street. Inspector Crisafulli searched the police department property room and confirmed that the Easton Police do not possess Defendant's writings. Defendant's two witnesses who were present during the search, Baltimore Gayle and Louise Gayle, could not identify the papers in Officer Burd's plastic bin as Defendant's manuscripts. They further testified that they did not know what was in Defendant's safe prior to the execution of the search warrant. Officer Burd testified that the only items seized from the residence were three pieces of mail, which were listed on the inventory.

5. Based on the foregoing, we must find that Defendant's Petition for Return of Property is moot, as there is no evidence that the Commonwealth possesses, or ever possessed, the property in question.

BY THE COURT:

_____,
F. P. KIMBERLY McFADDEN, J.

6