J-S29041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE NEIVES | : | |
| | : | |
| Appellant | : | No. 238 EDA 2021 |

Appeal from the Judgment of Sentence Entered January 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000018-2019

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED NOVEMBER 2, 2021**

Appellant, George Nieves, appeals from the Judgment of Sentence entered in the Court of Common Pleas of Philadelphia County on January 19, 2021, after entering an open guilty plea to one count each of possession of firearms prohibited, firearms not to be carried without a license, discharge firearms into occupied structure, carrying firearms on public streets in Philadelphia, simple assault, recklessly endangering another person, and mischief.[1]  After a careful review, we affirm.

On October 13, 2018, Appellant fired at least three shots from a 45-caliber semi-automatic handgun into an open and occupied convenience store in Philadelphia.  N.T., 1/19/21, at 18.  Three people were inside the store

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 2707.1(a), 6108, 2701(a), 2705, and 3304(a)(2), respectively.

and reported that one of the bullets landed approximately three feet from the store owner. *Id*. Appellant is clearly seen on the convenience store surveillance footage shooting into the store from across the street. Although no firearm was recovered, three .45 caliber fired cartridge casings were recovered from the scene and gunshot residue was detected on the jacket Appellant was seen wearing at the time of the shooting. N.T., 11/4/20, at 24; N.T., 1/19/21, at 18.

Jury selection was scheduled to commence on November 4, 2020, when Appellant agreed to enter an open guilty plea to the aforementioned charges. Sentencing was deferred for the preparation of a presentence investigation report and mental health assessment. Appellant was sentenced on January 19, 2021, to an aggregate term of 7 ½ to 15 years of imprisonment, followed by 3 years of probation.[2] At the sentencing hearing, Appellant orally moved for the return of the jacket he had been wearing at the time of the shooting. The trial court denied this petition. N.T., 1/19/21, at 35. Appellant did not file a post-sentence motion. Appellant

---

[2] Specifically, the court sentenced Appellant to 7 ½ to 15 years of incarceration followed by 3 years of probation, on Count I, possession of a firearm prohibited; 3 ½ to 7 years of incarceration on Count II, firearms not to be carried without a license, to be served concurrently with Count I; 3 ½ to 7 years of incarceration on Count III, discharge of a firearm into an occupied structure, to be served consecutively to Count II, but concurrently with Count I; 2 ½ to 5 years of incarceration on Count IV, carrying firearms on a public street in Philadelphia, to be served concurrently with Count III; and 1 to 2 years of incarceration on Count V, simple assault, to be served concurrently with Count III. Appellant was found guilty with no further penalty on Count VI, recklessly endangering another person and Count VII, criminal mischief. Corrected Non-Negotiated Guilty Plea Sentencing Order, 1/20/21.

timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth the following issues in his "Statement of the Questions Involved":

1. Whether the lower court erred and abused its discretion in sentencing the Defendant?

   A. Defendant's sentence was manifestly extreme, excessive, and clearly unreasonable.

   B. The Defendant was sentenced to an aggravated-range sentence based on inappropriate factors.

   C. The lower court failed to failed to [*sic*] consider mitigating factors in imposing the aggregated-range sentence.

   D. The lower court's findings and opinion of Defendant at sentencing is unsupported by the record.

   E. The lower court improperly disregarded or failed to properly weigh Defendant's character, family relationships, rehabilitation efforts and amenability, and remorse for the impact upon the victim, along with mitigating statutory factors.

   F. The lower court did not consider the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them.

   G. The lower court ignored and/or misapplied the law and sentenced Defendant out of partiality, prejudice, bias and/or ill will.

   H. The lower court failed to state what factors it considered when it sentenced the Defendant in the aggravated-range.

2. Whether the lower court erred and abused its discretion when it denied Defendant' s Petition to Return Property by court order dated January 19, 2021?

Appellant's Brief at 7-8 (verbatim).

Appellant's initial claim on appeal seeks to challenge the discretionary aspects of his sentence. We must first determine whether Appellant has preserved a challenge to the discretionary aspects of his sentence.

"It is well settled that with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." **Commonwealth v. Mastromarino**, 2 A.3d 531, 585 (Pa.Super. 2010).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect, Pa.R.A.P.2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010) (citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006).

Although Appellant filed a timely notice of appeal, we determine that he failed to preserve his discretionary aspects of sentencing claims. "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim[s] to the trial court during the sentencing proceedings. Absent such efforts, an objection to a

discretionary aspect of a sentence is waived." ***Commonwealth v. Gibbs***, 981 A.2d 274, 282-283 (Pa.Super. 2009) (quotation and quotations marks omitted).

In this case, Appellant did not raise these challenges during the sentencing hearing, nor did he file post-sentence motions. Therefore, Appellant waived his right to challenge the discretionary aspects of his January 19, 2021 sentence.[3]

Appellant's second claim alleges that the trial court erred and abused its discretion in denying his petition seeking the return of the jacket he was wearing at the time he committed these crimes.[4] Appellant's sole basis for

_____

[3] The fact that Appellant raised these issues in his 1925(b) statement does not overcome waiver. ***See*** Pa.R.A.P. 302(a) (stating that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); ***Commonwealth v. Foster***, 960 A.2d 160 (Pa.Super.2008).

[4] Appellant asserts in various paragraphs in his brief, "On or about November 4, 2020, a Petition for Return of Property was filed on behalf of Appellant seeking for [*sic*] the return of a gray Jordan brand varsity style jacket with sleeves which was seized." Appellant's Brief at 18; **see also id.** at 21, 33. Defendant further argues that "Defendant Petitioned for Return of Property that was denied by court order of January 19, 2021. R. 4a-5a." ***Id.*** at 9.

Although Appellant attaches a copy of this petition to his brief, it does not appear on the Court of Common Pleas of Philadelphia County Docket. Appellant's Brief at Appendix C, 1a-11a. We may review only those facts and document in the certified record. ***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa.Super.2008). Nevertheless, our review of the record reveals that Appellant orally requested return of the jacket during sentencing and the trial court denied the request in open court at that time. N.T., 1/19/21, at 13-14; **see also id.** at 35. The Commonwealth did not object to the oral motion. Accordingly, we will proceed to review the denial of the oral motion.

return of this property is, "upon entering a guilty plea, [Appellant's] appellate rights are limited and the jacket is no longer of value to the Commonwealth." Appellant's Brief at 34. Therefore, Appellant argues he is entitled to return of this jacket and the trial court erred in denying his petition.

Initially, we note that "[b]oth this [C]ourt and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for return of property filed pursuant to Pa.R.Crim.P. 588." *Commonwealth v. Durham*, 9 A.3d 641, 642 (Pa.Super. 2010) (citations omitted). In reviewing a trial court's decision on a petition for return of property, we apply an abuse of discretion standard and determine "whether findings of fact made by the trial court are supported by competent evidence and whether the trial court abused its discretion or committed an error of law." *Commonwealth v. Gayle*, 145 A.3d 188, 190-91 (Pa.Super. 2016), *citing Commonwealth v. Wintel, Inc.*, 829 A.2d 753 (Pa.Cmwlth. 2003).

A person may move for the return of property after final disposition of the criminal matter by filing a motion pursuant to Pa.R.Crim.P. 588. Specifically, Rule 588 provides, in pertinent part:

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines

that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(A)-(B).[5]

The moving party must establish, by a preponderance of the evidence, that he is entitled to lawful possession of the property in question. *Durham*, 9 A.3d at 645. The Commonwealth may defeat a motion for return of property by proving, by a preponderance of the evidence, that the property is derivative contraband. *Id*. at 646.

> [D]erivative contraband is property which is innocent in itself but which has been used in the perpetration of an unlawful act. Property is not derivative contraband, however, merely because it is owned or used by someone who has been engaged in criminal conduct. Rather, the Commonwealth must establish a specific nexus between the property and the alleged criminal activity. *Petition of Koenig*, 444 Pa.Super. 163, 663 A.2d 725, 726 (1995) (citations omitted).

*Id.* at 647. If the Commonwealth establishes that the property is derivative contraband, the claim for return of property must fail. *Id.* at 645.

In *Durham*, George Durham ("Durham") sought the return of blood-stained clothing taken from him after his arrest and conviction for murder. *Id.* at 647. The clothing contained Durham's blood from a wound he sustained at the location where the victim's body was found, and it was also used to identify Durham during his flight from the crime scene to the

---

[5] We note that Appellant asserts in his brief that the "petition for return of property was brought pursuant to Pa.R.Crim.P. 324…." Appellant's Brief at 33. However, the rule addressing motions for return of property was renumbered to Rule 588 and amended March 1, 2000, effective April 1, 2001.

hospital. ***Id***. This Court concluded that the record supported the trial court's denial of the petition for return of property because the Commonwealth established a nexus between the clothing and the criminal activity. ***Id.*** at 647-648.

Upon review, we conclude that the record supports the trial court's ruling that Appellant was not entitled to return of the jacket because the Commonwealth met its burden in establishing that the jacket was derivative contraband. As the trial court succinctly stated in its 1925(a) opinion,

> [A]ppellant's jacket, which he had admittedly worn at the time of the shooting, had been confiscated by law enforcement and analyzed and found to contain gunshot residue. Thus, the jacket, which had also been depicted in the store video, linked Appellant to the crimes in two ways. First, he was observed in the footage of the crime wearing the jacket and thus made him identifiable as the perpetrator. Second, Appellant's jacket was determined to contain gunshot residue. Thus, Appellant was inextricably connected as the shooter of the firearm.

Trial Court Opinion, 5/4/21, at 15. We agree with the trial court's analysis. Because the Commonwealth established the jacket was derivative contraband, the trial court did not abuse its discretion or commit an error of law in denying Appellant's request for return of his jacket. ***See Durham,*** 9 A.3d at 645-48.

Based on the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/02/2021</u>