J-A18014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                              :
           v.                 :
                              :
                              :
ALLEN EUGENE TRENT            :
                              :
           Appellant          :   No. 1310 WDA 2023

Appeal from the Order Entered October 10, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0000912-2017

BEFORE:  OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED:  September 4, 2024**

Appellant, Allen Eugene Trent, appeals from the order entered on October 10, 2023, denying his petition for return of property.  We affirm.

The trial court ably summarized the underlying facts of this case:

On July 16, 2020, [Appellant] pleaded guilty to one count of third-degree murder, 18 Pa.C.S.A. § 2502(c), for shooting his girlfriend . . . with a firearm resulting in her death.  He was sentenced on that same date to serve 15 to 30 [years in prison.  Appellant did not file a direct appeal from his judgment of sentence.]  . . .

Subsequently, upon motion of the Commonwealth on October 30, 2020, the [trial court] ordered that certain specific firearms that were in evidence as a result of the incident be released by the Pennsylvania State Police to a representative of the victim's family.  [Appellant's] attorney . . . consented to the Commonwealth's motion and the [trial court's] order.

Thereafter, starting in July [2021,] and while still represented by counsel, [Appellant] filed a flurry of *pro se* correspondence/motions for return of property, arguing that the firearms that were provided to the victim's family should

be returned to him because, essentially, they [were] family heirlooms and were not actually involved in the crime. On September 30, 2022, [Appellant's attorney] withdrew from [Appellant's] case. [Appellant] thereafter filed additional *pro se* petitions for return of property presenting the same aforementioned argument.

On October 10, 2023, a hearing was held on [Appellant's] *pro se* motion for return of property. At that hearing, the Commonwealth indicated that the property had already been distributed according to the October 30, 2020 order, and [Appellant's] attorney consented to the distribution of those firearms. [The trial court] ultimately denied [Appellant's] motion and explained that it no longer [had] jurisdiction over the firearms since they were already distributed to the victim's family, [Appellant's] attorney consented to the distribution, and the remedy that [Appellant was] asking for is civil.

Trial Court Opinion, 1/31/24, at 1-2 (some capitalization omitted).

Appellant filed a timely notice of appeal. He raises two claims to this Court:

[1.] Was the [trial court] in error by releasing rightfully owned property to the family of the victim to which he just [pleaded] guilty to murdering by not following proper form and violating [Appellant's] rights by depriving him of property without due process of law under the V Amendment and cruel and unusual punishment under the VII [sic] Amendment?

[2.] Was the [trial court] in error by stating it lacked jurisdiction and [Appellant] did not file within [30] days of sentence?

Appellant's Brief at 4.

Appellant's claims on appeal contend that the trial court erred when it denied his petition for return of property under Pennsylvania Rule of Criminal Procedure 588. "The standard of review applied in cases involving motions for the return of property is an abuse of discretion." ***Commonwealth v.***

***Rodriguez***, 172 A.3d 1162, 1165 (Pa. Super. 2017) (citations omitted). However, as to questions of law, our standard of review is *de novo*. ***Commonwealth v. Bradley***, 834 A.3d 1127, 1131 n.2 (Pa. 2003). Further, we are not bound by the trial court's reasoning and may affirm its decision on any basis. ***Commonwealth v. Williams***, 73 A.3d 609, 617 n.4 (Pa. Super. 2013).

Appellant's right to petition for the return of his seized property is governed by Pennsylvania Rule of Criminal Procedure 588,[1] which provides:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.
>
> (C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Pa.R.Crim.P. 588.

---

[1] Appellant does not claim that he is entitled to relief under the Commonwealth's Forfeiture Act. ***See*** 42 Pa.C.S.A. §§ 5801-5808; ***see also*** Appellant's Brief at 1-14. Therefore, Appellant waived any potential claim that the Forfeiture Act applies to his case or that the Act could have provided him with relief. ***Commonwealth v. Spotz***, 716 A.2d 580, 585 n.5 (Pa. 1999) ("[the Pennsylvania Supreme Court] has held that an issue will be deemed to be waived when an appellant fails to properly explain or develop it in his brief").

While Appellant argues his petition should have been granted on the merits, the dispositive issue in this case is the petition's untimeliness. Our Supreme Court, in the case of **Commonwealth v. Allen**, construed the language of Rule 588 and held that "a petition for the return of property is timely when it is filed by the accused in the trial court **while that court retains jurisdiction, which is up to thirty days after disposition**." **Commonwealth v. Allen**, 107 A.3d 709, 717 (Pa. 2014) (emphasis added); **see also Commonwealth v. Setzer**, 392 A.2d 772 (Pa. Super. 1978).

In **Allen**, Mr. Allen filed a petition for the return of property almost eight years after the charges which led to the seizure of his property were dismissed. **Allen**, 107 A.3d at 711-712. The Pennsylvania Supreme Court held that Mr. Allen was required to file his petition for the return of property "during the pendency of the criminal proceedings, or while the trial court retained jurisdiction for thirty days following dismissal of the charges." **Id.** at 717. The Supreme Court held that, since Mr. Allen failed to file his petition in the criminal trial court while the court possessed jurisdiction over his criminal case, he "waived any entitlement to the return of property under Rule 588." **Id.**

**Allen** is on all fours with the case at bar. In this case, Appellant pleaded guilty to third-degree murder on July 16, 2020 and, that day, the trial court sentenced Appellant to serve 15 to 30 years in prison for his conviction. Appellant did not file a petition for the return of his property while the trial court retained jurisdiction over his criminal case. Instead, Appellant filed his

first petition on July 12, 2021 – approximately one year after the disposition of his criminal case. In accordance with **Allen**, Appellant "had until [30] days following [his guilty plea], or [August 15, 2020], to move for return of [his p]roperty. Having failed to do so, he has waived any entitlement to the return of property under Rule 588." **Id.** at 717.

Appellant's claims on appeal thus fail, as the trial court properly denied Appellant's petition for return of property.[2]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/4/2024

---

[2] Alternatively, Appellant's claims are moot because the trial court concluded, as a fact, that "the Commonwealth [did] not possess the [claimed] property at the time of the hearing." **See Commonwealth v. Gayle**, 145 A.3d 188, 193 (Pa. Super. 2016) ("a motion for return of property must be dismissed as moot if the Commonwealth does not possess the property at the time of the hearing").