J-A07024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SYIED DRUMMOND | : | |
| | : | |
| Appellant | : | No. 723 MDA 2024 |

Appeal from the Order Entered April 12, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002433-2021

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.: **FILED: MARCH 31, 2025**

Appellant, Syied Drummond, appeals from the order entered on April 12, 2024, denying his motion for return of property. We affirm.

On August 18, 2020, Appellant was charged with various crimes relating to his "August 2020 stabbing of Javier Rivera." ***Commonwealth v. Drummond***, 317 A.3d 607 (Pa. Super. 2024) (non-precedential decision), *appeal denied*, 327 A.3d 615 (Pa. 2024). During the course of the ensuing criminal investigation, law enforcement officials obtained and executed a warrant which authorized a search of Appellant's vehicle, a 2010 Dodge Charger.

On April 14, 2022, while Appellant's criminal case was still pending, he filed a motion seeking the return of his property, *i.e.*, the 2010 Dodge Charger. The trial court convened a hearing on Appellant's motion on May 12, 2022.

Thereafter, the trial court issued an order which stated, in relevant part, as follows

> I did review with counsel in chambers the question of the vehicle itself. There is a question as to whether or not it continues to exist. But[,] if it does, that vehicle shall be returned immediately. If it does [not], that [is] . . . a different matter not for th[e trial c]ourt to determine.

Trial Court's Order, 5/12/22, at 2.

On May 20, 2022, Assistant District Attorney Greg Seiders, Esquire, sent an email to Appellant's trial counsel, Diana Spurlin, Esquire, informing the defense of the vehicle's location and "what would have to be done [by Appellant] to go get it." N.T. Hearing, 4/12/24, at 5. More specifically, the email stated, in relevant part, as follows:

> Northern Regional [Police Department] marked the vehicle as abandoned/salvaged when [Appellant] was on the run after the [August 2020 stabbing of Javier Rivera]. Th[e police department was] attempting to contact [Appellant], saying they have his car, but he would [not] come in [to the police station] because of the investigation. At some point, [Appellant's] vehicle was salvaged, title was transferred to Creekside Auto Sales (apparently they hold title now), and it currently sits at North York Auto Menders. I believe Creekside [Auto Sales] is willing to give the [vehicle] up, and [North York] Auto Menders would give it up too – but there is a large tow/impound bill. They would be looking for payment of that before the [vehicle] is released.
>
> Unfortunately, I believe the items inside the car that were seized during the [search warrant] were discarded.

*See id.* at 13-14, Commonwealth's Exhibit 1

Ultimately, after a jury trial, Appellant was found guilty of aggravated assault – serious bodily injury, aggravated assault with a deadly weapon, and

recklessly endangering another person. On March 8, 2023, the trial court sentenced Appellant to an aggregate term of 10 to 20 years' incarceration. This Court affirmed Appellant's judgment of sentence on March 21, 2024. *See Drummond*, *supra.* Our Supreme Court denied Appellant's petition for allowance of appeal on October 9, 2024. *See Commonwealth v. Drummond*, 327 A.3d 615 (Pa. 2024).

On September 7, 2023, during the pendency of Appellant's direct appeal, Appellant filed a *pro se* motion that re-asserted his request for the return of the 2010 Dodge Charger. In addition, Appellant requested, for the first time, the return of "$64,000.00 worth of items inside the vehicle, (*i.e.*, jewelry, clothing, sneakers and various other items) and $6,500.00 in cash" some of which he claimed were "in the glove compartment" of his vehicle. Appellant's *Pro Se* Motion for Return of Property, 9/7/23, at 1. The trial court scheduled a hearing on Appellant's motion for March 8, 2024, which was attended by the Commonwealth and Appellant's counsel, Brian McNeil, Esquire, from the Public Defender's Office. That day, the trial court issued the following rule to show cause:

> We [are] here in court as a result of [Appellant] having filed a motion for return of property as a consequence of his arrest when the police seized his vehicle. It has been indicated to the [trial c]ourt that the police erroneously sold his vehicle. We, therefore, deem them to be a necessary party to this action and issue a rule to show cause why they [should] not be compelled to reimburse [Appellant] for his loss. At issue, to some extent, will be what was the loss. [Appellant] maintains [the] car [contained a] significant amount of cash as well as inventory from his retail business [and his loss included both the value of the car together with that of the other property].

- 3 -

So, therefore, we direct the Northern York County Regional Police Department to appear on April 12, 2024 at 10:00 a.m., to indicate to the [trial c]ourt what, if any, inventory was recovered from the vehicle, what is the status of that inventory, and how much did they receive from the vehicle when it was sold.

Trial Court's Rule to Show Cause, 3/8/12, at 1-2.

The trial court re-convened the hearing on Appellant's motion on April 12, 2024. The Commonwealth, Attorney McNeil, and Officer Lebo[1] of the Northern York County Regional Police Department attended the hearing. Appellant (now housed in a state correctional institute) was, for reasons beyond his control, unable to attend. At the outset of the hearing, the trial court stated that the parties "kn[e]w and agree[d]" that Appellant's 2010 Dodge Charger "was sold and it was a clerical error." N.T. Hearing, 4/12/24, at 2. In particular, it was undisputed that, after the execution of the search warrant, the Commonwealth housed the 2010 Dodge Charger at North York Auto Menders and that North York Auto Menders ultimately "sold [the vehicle] or leased it to a customer." *Id*. at 3. Per the Commonwealth, North York Auto Menders sold the 2010 Dodge Charger sometime after May 2022, *i.e.*, after Appellant filed his original motion for return of property. *Id*. at 5. At this point, Attorney McNeil stated that, without Appellant, the parties could not "fully dispose of [his motion]." *Id*. at 6. The trial court, however, indicated that if the Commonwealth no longer possessed Appellant's vehicle or alleged property contained therein, Appellant was no longer able to obtain

_____

[1] Officer Lebo's first name is not of record.

relief under Rule 588. ***See id.*** (trial court stating that Appellant's motion could be "disposed of . . . if there [were] an understanding that this is not the proper forum.").

The parties then began discussing the potential remedies available to Appellant given the fact that it appeared his vehicle had been sold by North York Auto Menders and his other property was unlikely to be in the possession of the Commonwealth. ***Id.*** At that point, the following exchange occurred:

> **Attorney McNeil**: … We [are] getting into kind of strange territory as far as, you know, beyond the scope of kind of the criminal elements of this case as far as valuation, as far as the proper venue –
>
> **The court**: Well, that would always be the case. You [would] have to come up with valuation. You [would] have to come up with proof as to what the value is.
>
> **Attorney McNeil**: In some fora, yes. I [am] not a hundred precent sure that that [is] necessarily true with regard to a return of property motion based on the research that I [have] done. What I would propose in light of [Appellant's] absence would be that this case be continued again, unfortunately, because he [is] not here.
>
> **The court**: Well, let's transport him the next time. But, again, if somebody wants to brief the issue as to whether or not there [is] liability on behalf of the department for the loss or whether or not there [is] liability that he needed to have pursued with the North York Auto Menders.
>
> **Attorney McNeil**: My inclination, Your Honor, is actually to move for leave to withdraw from this component of the case insofar as it [is], like I said, weird territory beyond what [the Public Defender's Office normally does].
>
> **The court**: And add to the fact that it [is] an asset that produces income for him. Not necessarily income, but assets for him that he could be using to pay[] privately-retained counsel.

**Attorney McNeil**: If he had it.

**The court**: If he had it. Well, if he gets an [o]rder for all this stuff, then he [would] have it.

**Attorney McNeil**: Well, we [would] revisit his entitlement to our services at that time. But, again, for purposes of trying to move the ball forward here today, my proposal would be kick it out another couple of months, have him transported for the hearing, and I would, like I said, move for leave to withdraw because it [is] beyond the scope of my duties as a Public Defender.

**The court**: Granted. I agree with you.

*Id.* at 6-8.

The hearing did not conclude at this juncture, however. Instead, the Commonwealth asked the trial court to discuss the questions posed to Northern York County Regional Police Department in the court's March 8, 2023 rule to show cause order so that the department would not need to attend a future hearing. *Id.* at 9. At the trial court's request, Officer Lebo detailed the items recovered from the vehicle, namely, "blood swabs and one Karambit knife." *Id.* at 10. The trial court asked whether "there was [] inventory of cash" and Officer Lebo stated: "No, not at all, Your Honor." *Id.* Officer Lebo then confirmed that the police department did not receive any proceeds from the sale of Appellant's 2010 Dodge Charger. *Id.* at 11. Based upon the foregoing, the trial court stated:

Okay. We [are] satisfied that the Northern York County Regional Police Department has addressed the issues that were raised in the rule to show cause and, therefore, we [will] dismiss this action as against Northern Regional Police Department.

- 6 -

*Id.* When it became clear that the trial court intended to dismiss Appellant's Rule 588 motion, Attorney McNeil objected, stating:

> I would request that some sort of hearing be convened for [Appellant] to be given the opportunity to have his say on this.

*Id*. at 13. The trial court responded:

> You know, quite frankly, there [is] nothing to address. [Appellant] wants his property back. They do [not] have it. If he feels he suffered a financial loss, I assume he can sue whoever he believes to have been responsible. But if, in fact, he suffered a loss because he did not respond to the letter that was forwarded to his counsel of record [in May 2022 which informed him about] what he had to do to get his vehicle back, that [is] on him.

*Id.* at 14. This timely appeal followed.[2]

Appellant raises the following issue for our consideration.[3]

---

[2] The trial court denied Appellant's motion for the return of his vehicle on April 12, 2024 and, as such, Appellant was required to file his notice of appeal on or before May 13, 2024. **See** 1 Pa.C.S.A. § 1908; **see also** Pa.R.A.P. 903(a) (explaining that an appellant has "30 days after the entry of the order from which the appeal is taken" to file an appeal). The docket reflects that Appellant filed his *pro se* notice of appeal on May 14, 2024; however, there are no entries on the trial court's docket which confirm service of the court's April 12, 2024 order upon Appellant in his *pro se* status (as counsel from the Public Defender's Office no longer remained attached to this case). **See** Pa.R.Crim.P . 114(C)(2)(c) (docket entries shall contain the date of service of a court order). In view of the circumstances, we shall treat this appeal as timely filed. **See Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa. Super. 2023) ("Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely.").

[3] Appellant filed his notice of appeal *pro se*. On June 4, 2024, the trial court issued an order directing Appellant to file a concise statement of errors
*(Footnote Continued Next Page)*

[Whether t]he trial court erred when it dismissed Appellant's motion for return of property because (a) Appellant was not present at the hearing either in court or by video from the state correctional institution and there was no evidence [that] his failure to appear was voluntary and (b) Appellant was not given an opportunity to present evidence [to] support the claims in his motion[?]

Appellant's Brief at 7.

On appeal, Appellant contends that the trial court erred when it denied his motion for return of property under Pennsylvania Rule of Criminal Procedure 588. Appellant's Brief at 18. "The standard of review applied in cases involving motions for the return of property is an abuse of discretion." *Commonwealth v. Rodriguez*, 172 A.3d 1162, 1165 (Pa. Super. 2017) (citations omitted). However, as to questions of law, our standard of review is *de novo*. *Commonwealth v. Bradley*, 834 A.2d 1127, 1131 n.2 (Pa. 2003). Further, we are not bound by the trial court's reasoning and may affirm its decision on any basis. *Commonwealth v. Williams*, 73 A.3d 609, 617 n.4 (Pa. Super. 2013).

---

complained of on appeal in accordance with Pa.R.A.P. 1925(b). Appellant, acting *pro se*, filed a Rule 1925(b) concise statement on June 24, 2024. On July 16, 2024, the trial court entered an order appointing Anthony Tambourino, Esquire, as counsel for Appellant. On August 22, 2024, Attorney Tambourino filed a petition to file a Rule 1925(b) statement *nunc pro tunc*. The trial court granted *nunc pro tunc* relief on August 22, 2024.

Appellant's right to petition for the return of his seized property is governed by Pennsylvania Rule of Criminal Procedure 588,[4] which provides:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.
>
> (C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Pa.R.Crim.P. 588.

A review of our prior case law reveals that no fewer than two grounds will defeat a motion for return of property under Rule 588. First, this Court has held that a motion for return of property "must be dismissed as moot if the Commonwealth does not possess the property at the time of the hearing." *Commonwealth v. Gayle*, 145 A.3d 188, 193 (Pa. Super. 2016) (citation omitted). Second, our Supreme Court has construed the language of Rule

---

[4] Appellant does not claim that he is entitled to relief under the Commonwealth's Forfeiture Act. *See* 42 Pa.C.S.A. §§ 5801-5808; *see also* Appellant's Brief at 18-24. Therefore, Appellant waived any potential claim that the Forfeiture Act applies to his case or that the Act would have affirmed relief in this case. *See Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1999) ("[the Pennsylvania Supreme Court] has held that an issue will be deemed to be waived when an appellant fails to properly explain or develop it in his brief") (citation omitted).

588 and held that "a petition for the return of property is timely when it is filed by the accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." ***Commonwealth v. Allen***, 107 A.3d 709, 717 (Pa. 2014). If a petitioner files an untimely motion, he or she will be deemed to have "waived any entitlement to the return of property under Rule 588." ***Id.***

Herein, a review of the certified record reveals the following chronology of events. On April 14, 2022, before his trial, Appellant filed a motion for return of property, wherein he demanded the return of his 2010 Dodge Charger. The trial court convened a hearing on May 12, 2022 to address Appellant's motion, but did not fully resolve Appellant's claim because it was unclear whether, at that time, the Commonwealth retained possession of the 2010 Dodge Charger. Thereafter, Appellant proceeded to trial, was convicted, and, on March 8, 2023, the trial court sentenced Appellant to serve 10 to 20 years in prison. Approximately seven months after the disposition of his criminal case, on September 7, 2023, Appellant filed another motion for return of property. In his motion, Appellant demanded, for the second time, the return of his 2010 Dodge Charger. Appellant, however, also sought, for the first time, the return of "$64,000.00 worth of items inside the vehicle, (*i.e.*, jewelry, clothing, sneakers and various other items) and $6,500.00 in cash" he claimed was "in the glove compartment" of his vehicle. Appellant's *Pro Se* Motion for Return of Property, 9/7/23, at 1. Based upon the foregoing, we

- 10 -

will review the instant matter as if there was an original filing, followed by a renewed motion.

We will first address Appellant's original motion, which only included a request for the return of his 2010 Dodge Charger. Initially, we note that, because Appellant filed his motion before his trial and, as such, when the trial court had jurisdiction over Appellant's criminal case, it was timely filed. We, however, agree with the trial court's ultimate decision to dismiss Appellant's motion. It is beyond dispute that, at the time of the April 12, 2024 hearing, the Commonwealth did not possess Appellant's 2010 Dodge Charger. Indeed, it was conclusively established that the vehicle was "disposed of by the storage/impound company in possession . . . after the investigation was complete." Trial Court Opinion, 8/26/24, at 1. Importantly, Appellant admitted this very fact in his September 7, 2023 motion. **See** Appellant's *Pro Se* Motion for Return of Property, 9/7/23, at 2 (Appellant stating that the "Commonwealth had unlawfully retained [his] vehicle and its contents" and then "proceeded to sell the vehicle and its contents prior to being ordered [by the trial court in 2022]" to return the same to Appellant). Because the Commonwealth did not possess the 2010 Dodge Charger at the time of the April 12, 2024 hearing, the trial court correctly determined that Appellant's demand for the return of his vehicle was moot. **See Gayle, supra** (Rule 588 motion must be dismissed as moot if the Commonwealth lacks possession of the property at the time of the hearing).

We now turn to Appellant's renewed motion which sought the return of his vehicle, as well as "$64,000.00 worth of items inside the vehicle" and "$6,500.00 in cash" he claimed was "in the glove compartment" of his vehicle. Appellant's *Pro Se* Motion for Return of Property, 9/7/23, at 1. As explained above, insofar as Appellant's motion sought the return of his vehicle, we conclude that his claim is moot. With respect to the merchandise and cash allegedly within his vehicle, which Appellant sought for the first time in his renewed motion, we conclude that Appellant's demand is untimely. As noted above, the trial court issued Appellant's sentence on March 8, 2023. Hence, Appellant's renewed motion, filed on September 7, 2023 and included, for the first time, his demand for the return of the merchandise and cash within his vehicle, was not submitted while the trial court retained jurisdiction over Appellant's criminal case. **Allen**, 107 A.3d at 717 (requiring that a motion for return of property to be submitted while the trial court retains jurisdiction, *i.e.*, within 30 days after the disposition of the criminal matter). Because Appellant failed to submit a timely demand for the return of the merchandise and cash within his vehicle, he "has waived any entitlement to the return of [the same] under Rule 588." **Id.**

Finally, we briefly address Appellant's claim that the trial court erred in dismissing his motion for return of property "without [his] presence in court and without providing him with an opportunity to respond and present his own defense." Appellant's Brief at 18. We note that, based upon our review of the record, Appellant's interests were represented at the April 12, 2024 hearing

because Attorney McNeil did not withdraw as Appellant's counsel until after it was conclusively established that the Commonwealth did not have the 2010 Dodge Charger: the only property for which a timely demand was lodged. Hence, even if Appellant attended the April 12, 2024 hearing, it would not change the fact that Appellant's Rule 588 motion was devoid of merit because, at that time, it was beyond dispute that the Commonwealth did not have Appellant's vehicle. While it may arguably have been preferable to reconvene the Rule 588 hearing when Appellant was present, based upon all of the foregoing, we agree with the trial court's ultimate conclusion to dismiss Appellant's motion for return of property.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2025